UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BINH THANH IMPORT EXPORT PRODUCTION &
TRADE JOINT STOCK CO., d/b/a GILIMEX, INC.,

                              *Plaintiff*,

                       -v-

AMAZON.COM SERVICES, LLC, d/b/a
AMAZON ROBOTICS

                              *Defendant*.
------------------------------------------------------------------X

1:23 Civ. 00292 (LGS)

**STIPULATION AND CONFIDENTIALITY ORDER**

LORNA G. SCHOFIELD, United States District Judge:

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Rule 502 of the Federal Rules of Evidence, and Rule I.D.4 of the Court's Individual Rules and Procedures in Civil Cases, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff Binh Thanh Export Production & Trade Joint Stock Co. d/b/a Gilimex, Inc., ("Plaintiff") and Amazon.com Services LLC ("Defendant") (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), by and through their undersigned counsel:

      1.    The provisions of this Stipulation and Confidentiality Order ("Confidentiality Order") shall govern the production and handling of all information, material, and documents (in electronic form or otherwise) disclosed during the course of this action (the "Action") by Plaintiff or Defendant, or by any non-party, including in connection with depositions, interrogatories, requests for admissions, production of documents for inspection and copying, correspondence between the Parties, and submissions to the Court ("Protected Material").

So Ordered.

Dated: February 21, 2023
New York, New York

2. As used herein:

   a. "Producing Party" shall mean any Party or any non-party producing Protected Material.

   b. "Receiving Party" shall mean any Party or any non-party receiving Protected Material.

3. <u>Designation of Information as CONFIDENTIAL</u>.  Any Party or non-party may designate as "CONFIDENTIAL" any Protected Material that the Producing Party (or its counsel) reasonably and in good faith believes to be confidential, including, but not limited to, the following documents and tangible things produced or otherwise exchanged: personal information; medical records; information implicating an individual's legitimate expectation of privacy; trade secrets; taxes or other financial records; accounting or financial statements (not including publicly available statements); commercial, financing, pricing, budgeting, revenue profit, or accounting information; information about existing and potential customers; marketing studies and projects; business strategies, decisions, or negotiations, compensation, evaluations, and employment information; proprietary information about affiliates, parents, subsidiaries, and third-parties with whom the parties have or have had business relationships; any other financial, commercial, proprietary, or other business information that is non-public and sensitive in nature; sensitive and/or confidential consumer information; or any other information whose disclosure could cause an invasion of privacy or competitive business harm.

4. <u>Designation of Information as CONFIDENTIAL—ATTORNEY'S EYES ONLY</u>. A Party may designate as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" any Protected Material that the Producing Party (or its counsel) reasonably and in good faith believes to contain highly sensitive and/or proprietary information, including but not limited to documents or

information reflecting, containing, or derived from current confidential trade secrets, research, development, pricing, production, cost, marketing, or customer information, the disclosure of which, even limited to the restrictions placed on the information designated as "CONFIDENTIAL," could compromise and/or jeopardize the Producing Party's competitive business interests and thus warrants extraordinary protections.

5. The protections conferred by this Confidentiality Order cover not only Protected Material, but also (a) any information copied or extracted from the Protected Material; (b) all copies, excerpts, summaries, or compilations of the Protected Material; and (c) any testimony, conversations, submissions, or presentations by the Parties or their counsel that might reveal Protected Material. Notwithstanding the foregoing, the protections conferred by this Confidentiality Order do not cover information that is already in the public domain or becomes part of the public domain through trial or otherwise.

6. <u>Manner of Designation</u>. The designation of Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" for the purposes of this Confidentiality Order shall be made in the following manner:

    a. in the case of deposition or other pretrial testimony, the Producing Party shall either (i) make a statement on the record at the time of the disclosure; or (ii) within 10 business days of receiving a final deposition transcript, send a written notice to counsel for all parties to this litigation identifying the portions of the testimony to which the designation applies; and in both of the foregoing instances, the Producing Party shall direct the court reporter to affix the legend reflecting the appropriate designation to the first page and all designated portions of the transcript, including all copies thereof; if a party

    indicates at a deposition that the Confidential Information has been disclosed in the deposition, the transcript in its entirety shall be treated as Confidential Information for 10 business days following receipt of the final deposition transcript. All persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

b. in the case of interrogatory responses, the Producing Party shall (i) state in the main body of responses to the extent that the interrogatory at issue requests information pertaining to Protected Material; (ii) set forth the response to the interrogatory at issue in an addendum attached to the main body of responses; and (iii) affix the legend reflecting the appropriate designation to each page of that addendum;

c. in the case of Protected Material produced on CD, DVD or other electronic storage medium, the Producing Party shall affix the legend reflecting the appropriate designation to such electronic storage medium and each page or unit of material; or

d. in the case of Protected Material produced in hard copy, the Producing Party shall affix the legend reflecting the appropriate designation to each page so designated.

e. in the case of Protected Material contained in submissions to the Court or in correspondence between the Parties, the Producing Party shall affix the legend reflecting the appropriate designation to each page so designated

4

and/or clearly indicate by use of the legend any Protected Material quoted or referenced.

7. Protected Material, information derived therefrom or any other documents or materials reflecting or disclosing any Protected Material may only be used in this litigation and shall not be used for any other purpose.

8. <u>Disclosure of Protected Material Designated "CONFIDENTIAL"</u>. Protected Material designated "CONFIDENTIAL," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any other person, except:

    a. the Court and Court personnel, as appropriate;

    b. witnesses, deponents or persons whom a Party's counsel believes in good faith may be deponents or trial fact witnesses, and their counsel;

    c. each Party and its employees, officers, directors, representatives, members, and affiliates; provided that, such persons are assisting the Party with, or otherwise involved in, this Action;

    d. each person identified in the Protected Material as an author or recipient (including by copy) thereof in whole or in part, or person to whom counsel reasonably and in good faith believe that the original or a copy of such Protected Material was sent or otherwise made available prior to this Action;

    e. Court reporters or videographers, professional jury or trial consultants, mock jurors, and professional vendors, employed in connection with this Action;

   f. counsel for the Parties, including in-house and outside counsel, legal assistants and other staff;

   g. any mediator(s) or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

   h. experts, including necessary staff, retained by a Party or its counsel in connection with this Action; and

   i. any other person only upon order of the Court or with the written consent of the Producing Party.

  9. Every person given access to Protected Material designated "CONFIDENTIAL," information derived therefrom, or any other documents or materials reflecting or disclosing such material, shall be advised that it is being disclosed pursuant and subject to the terms of this Confidentiality Order and may not be disclosed by any person other than pursuant to the terms hereof.  All persons listed in Paragraph 8, subsections (b), (e), or (g)-(i) to whom a Party provides access to Protected Material designated "CONFIDENTIAL," information derived therefrom or any other documents or materials reflecting or disclosing any such material, shall execute a copy of the certification attached hereto as Exhibit A before such access is provided and be advised that he or she will be subject to the Confidentiality Order.

  10. <u>Disclosure of Protected Material Designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY"</u>.  With respect to Protected Material designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY," the documents and materials, and the information contained therein, shall be kept confidential and shall not be communicated in any manner, either directly or indirectly, to any person or entity other than a person or entity enumerated in Paragraph 8,

subsections (a), (d), (e), (g), (h), and only outside counsel for the Parties and their legal assistants or staff, except with the express written consent of the Producing Party; provided, however, that no greater than two (2) attorneys from each Party's in-house legal department, that are actively participating in and have direct responsibility regarding the Action, may view materials designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY".  Accordingly, whenever any documents, information, or other materials designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" are to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY."  All persons listed in Paragraph 8, subsections (e), (g), or (h), or the Parties' in-house legal counsel as provided in this paragraph, to whom a Party provides access to Protected Material designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY," information derived therefrom or any other documents or materials reflecting or disclosing any such material, shall execute a copy of the certification attached hereto as Exhibit A before such access is provided and be advised that he or she will be subject to the Confidentiality Order.

      11.    <u>Filing of Protected Material</u>.  Protected Material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," shall, if filed with or presented to the Court, be filed under seal in accordance with Rule I.D.3 of the Court's Individual Rules and Procedures in Civil Cases and the Local Rules of the Southern District of New York, unless otherwise ordered by the Court.  In the event that any Protected Material is used in any court proceeding in this Action or any appeal therefrom, said Protected Material shall not lose its status as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," through such use.

12. <u>Sealing Procedures</u>.  Documents may be redacted or filed under seal only as provided by Rule I.D.3 of the Court's Individual Rules and Procedures for Civil Cases.  Unless otherwise ordered, a Party seeking to file an opposing Party's Protected Material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," or documents referencing the same, shall so advise the opposing Party 10 business days in advance specifying the precise portion of the Protected Material the party seeks to use, the general purpose thereof and any redactions to which the Party does not object.  Within 5 business days thereafter, the Party whose Protected Materials are sought to be used may make an application to seal or redact in accordance with Rule I.D.3 of the Court's Individual Rules and Procedures in Civil Cases.  Nothing herein is intended to alter or modify the applicability of Rule I.D.3 of the Court's Individual Rules and Procedures in Civil Cases or the Federal Rules of Civil Procedure to this case.

13. <u>Challenging a Confidentiality Designation</u>.  Any Party may challenge, at any time, the designation of Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" by providing written notice to the Party or non-party that designated the Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" that the notifying Party does not concur with the designation.  If the Party or non-party that made the designation does not agree to declassify such document or material within 10 business days, any Party may move the Court for an order changing the classification of, or declassifying, that Protected Material.  During the pendency of such motion, such Protected Material shall continue to be treated according to its designation.  The Producing Party has the burden to show good cause that the documents or materials require continuing protection according to its designation.

160841823.1

14. Any person receiving Protected Material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall exercise reasonable care to prevent any disclosure of such Protected Material other than pursuant to the provisions of this Confidentiality Order. The Producing Party's rights and remedies with respect to any disclosure of Protected Material in contravention of the provisions of this Confidentiality Order are hereby reserved.

15. <u>Unauthorized Disclosure</u>. Protected Material that is disclosed in contravention of the provisions of this Confidentiality Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof. Upon learning of the disclosure of Protected Material in contravention of the provisions of this Confidentiality Order, the party that made the disclosure promptly shall: (i) give written notice of the disclosure to the Producing Party, which notice shall include a specific description of the improperly disclosed Protected Material; (ii) give written notice to the recipient of the improperly disclosed Protected Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Confidentiality Order and request that the Improper Recipient return the Protected Material; (iv) give written notice of the Improper Recipient's response to the Producing Party; (v) make reasonable good faith efforts to retrieve the improperly disclosed Protected Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

16. <u>Subpoena or Other Legal Process for Protected Material</u>. If any Receiving Party having received Protected Material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY": (a) is subpoenaed in another action or proceeding, (b) is served with a discovery demand in another action, or (c) is served with any other legal process by a non-party to

160841823.1

this litigation seeking Protected Material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," the Receiving Party shall, unless prohibited by law, provide actual written notice, by hand, electronic mail or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, or legal process, to the Producing Party's counsel, who may seek a protective order precluding disclosure.  Upon receiving written notice, the Producing Party will have a reasonable opportunity to object to the disclosure, where possible, at least 10 days' notice before production or other disclosure of the Protected Material.  In no event shall production or disclosure be made before notice is given unless required by court order.  If the Producing Party makes a motion to quash or modify the subpoena or order, then the Receiving Party shall comply with applicable law or the order of the court having jurisdiction over such subpoena, order, or motion.  If no such motion is made, despite notice and a reasonable opportunity to do so, the Receiving Party is entitled to comply with the subpoena or order.

17. <u>Producing Party's Treatment of Protected Material</u>.  This Confidentiality Order has no effect upon, and shall not apply to, the Producing Party's use of its own Protected Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure, by a Party, of any Protected Material that was obtained lawfully by such Party independently of the discovery proceedings in this litigation.  The burden to establish that fact shall be on the Party asserting that the Protected Material was obtained independently.

18. <u>No Waiver</u>.  Nothing herein shall require the production of documents, things or other information that any Party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

19. <u>Notice of Inadvertent Disclosure</u>.  Inadvertent or unintentional disclosure of information subject to the attorney-client privilege or work-product doctrine or any other applicable

10

160841823.1

privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in part of the privilege or work-product or other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter.  If a Party has produced documents or information that it subsequently claims is Privileged Material, the receiving party (the "Party Receiving Privileged Material"), upon written or oral request, shall promptly return it within three business days of its discovery of said inadvertent disclosure, including all copies, and promptly destroy any notes concerning it.  The Party Receiving Privileged Material may not refuse to return the material. Upon receipt of the returned materials, the Producing Party promptly shall provide a written good-faith explanation of the basis for the privilege claim or claim of immunity.  If the Party Receiving Privileged Material wants to challenge the claim of inadvertent or unintentional production or the claim of privilege or immunity from disclosure, it must first return the material, then confer and provide written notice to the Producing Party identifying with particularity the reasons for the challenge.  If the parties cannot resolve the dispute within 10 business days, the Party Receiving Privileged Material may move the Court for an appropriate order. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. The disputed material shall be treated as privileged until a ruling is issued on such motion or other resolution of the dispute. Notwithstanding the foregoing, to the extent there is a dispute regarding the privileged status of Privileged Material, the Privileged Material may be provided to the Court for *in camera* inspection.  Under no circumstances shall a Party Receiving Privileged Material have continued access to the Privileged Material in question during the pendency of the motion, nor shall any Privileged Material be included on the publicly available record prior to a determination by the Court that it is improperly designated.

20. <u>Reservation of Rights</u>.  This Confidentiality Order is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Confidentiality Order or any provisions thereof by properly noticed motion to the Court or to challenge any designations of confidentiality as inappropriate under applicable law.

21. Continuing Effect of Order.  This Confidentiality Order shall continue to be binding after the conclusion of the Action except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the permission of the Producing Party or further order of this Court with respect to dissolution or modification of this Confidentiality Order. The provisions of this Confidentiality Order shall, absent prior written consent of the parties, continue to be binding after the conclusion of this Action.

22. <u>Return of Information</u>.  Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals, counsel of record for the Parties shall secure the return of all Protected Material designated "Confidential" or "Confidential—Attorneys' Eyes Only" and all copies thereof and notes, abstracts or summaries therefrom, including written confirmation to the Producing Party that the Protected Material was deleted from any litigation support or other database, from all persons to whom such materials were disclosed under the terms of this Confidentiality Order, and shall return them to counsel for the Producing Party, except that counsel may retain their work product, copies of Court filings and official transcripts and exhibits, provided that the Protected Material contained therein will continue to be treated as provided herein.  Alternatively, a Receiving Party may certify to the Producing Party that all such information has been destroyed.

160841823.1

23. <u>Amendments</u>.  This Confidentiality Order may be altered or modified only by written agreement among the Parties or by order of the Court upon motion by any Party.  A Party seeking to modify, extend or terminate this Confidentiality Order shall notify opposing counsel and counsel shall meet and confer concerning the proposed modification, extension or termination within ten (10) business days of any request for same.  The Parties may modify, extend or terminate this Confidentiality Order without leave of Court.  However, if a party's request is not agreed to during the conference, or within any such extended period as agreed to by the Parties, the Party seeking such modification, extension or termination shall within ten (10) business days of the expiration of the meet and confer period, as extended if applicable, file a motion with the Court to resolve the dispute.

24. <u>Additional Protections</u>.  Any Party seeking different or additional protection other than as provided herein shall promptly file a motion seeking such additional protection, if the Parties cannot reach an agreement as to the different or additional protection sought, under the same procedure provided for under Paragraph 23, above. Until such motion is resolved by the Court, any Protected Material already produced for which a Party seeks different or additional protection other than as provided herein shall be made available only to the Receiving Party or attorneys, unless the Court permits otherwise.

25. <u>Counterparts</u>.  This Confidentiality Order may be executed in counterparts which together shall constitute one document. Any Defendant added by name to this case after the "so ordering" of this Confidentiality Order shall be bound by it without having to execute it.

26. <u>Discretion of the Court</u>.  The Parties acknowledge that the Court retains discretion as to whether, in Orders or Opinions, to afford confidential treatment to information that the Parties have redacted, sealed, or designated as confidential.

Dated: February 21, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

13

160841823.1

Counsel for the Parties:

By: /s/ Edward E. Filusch
**KASOWITZ BENSON TORRES LLP**
Marc E. Kasowitz
Edward E. Filusch
Victor J. Brienza
Jonathan-Michael K. Pryor

1633 Broadway
New York, New York 10019
Tel. (212) 506-1962
Fax. (212) 506-1800

*Attorneys for Plaintiff*

By: /s/ Alan B. Howard
**PERKINS COIE LLP**
Alan B. Howard

1155 Avenue of the Americas
22nd Floor
New York, New York 10036
Tel. (212) 261-6870

*Attorneys for Defendant*

160841823.1