**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BINH THANH IMPORT EXPORT PRODUCTION & TRADE JOINT STOCK CO., D/B/A GILIMEX, INC., <br><br> Plaintiff, <br><br> -v- <br><br> AMAZON.COM SERVICES LLC, D/B/A AMAZON ROBOTICS, <br><br> Defendant. | Case No. 1:23-cv-00292-LGS <br><br> **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Amazon.com Services LLC ("Amazon"), by its attorneys Perkins Coie LLP, hereby responds to the Complaint of Plaintiff Binh Thanh Import Export Production & Trade Joint Stock Co., d/b/a Gilimex, Inc. ("Gilimex"), Dkt. No. 1-1 (the "Complaint"), and asserts Affirmative Defenses as follows:

### RESPONSES TO PLAINTIFF'S COMPLAINT

1. Amazon denies the allegations in paragraph 1.

2. Amazon admits that it operates the Amazon.com online store and fulfillment centers with robotics to assist in fulfilling customer orders, but denies the remaining allegations in paragraph 2.

3. Amazon denies the allegations in paragraph 3.

4. Amazon denies the allegations in paragraph 4.

5. Amazon denies the allegations in paragraph 5.

6. Amazon denies the allegations in paragraph 6.

7. Amazon denies the allegations in paragraph 7.

8. Amazon denies the allegations in paragraph 8.

9. Amazon denies the allegations in paragraph 9.

10. Amazon denies the allegations in paragraph 10.

11. Amazon denies the allegations in paragraph 11.

12. Amazon denies the allegations in paragraph 12.

13. Paragraph 13 states legal conclusions for which no response is required. To the extent a response is required, Amazon denies the allegations in paragraph 13.

14. Amazon admits upon information and belief the allegations in paragraph 14.

15. Amazon admits that Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington; that Amazon.com Services LLC is a subsidiary of Amazon.com, Inc.; and that Amazon Robotics LLC was a subsidiary of Amazon.com, Inc. and merged into Amazon.com Services LLC; but denies the remaining allegations in paragraph 15.

16. Paragraph 16 states legal conclusions for which no response is required. To the extent a response is required, Amazon admits that the parties executed a valid and binding agreement dated January 7, 2021, and appended to the Complaint as Exhibit A thereto (the "CSPA"), which provides that "[a]ny dispute arising under, in connection with, or incident to this Agreement or about its interpretation will be resolved exclusively in the state or federal courts located in New York County, New York"; that "[e]ach party irrevocably submits to those courts' venue and jurisdiction"; and that "[e]ach party waives all defenses of lack of personal jurisdiction and *forum non-conveniens*."

17. Paragraph 17 states legal conclusions for which no response is required. To the extent a response is required, Amazon admits that the parties executed the CSPA, which provides that "[a]ny dispute arising under, in connection with, or incident to this Agreement or about its interpretation will be resolved exclusively in the state or federal courts located in New York County, New York"; that "[e]ach party irrevocably submits to those courts' venue and jurisdiction"; and that "[e]ach party waives all defenses of lack of personal jurisdiction and *forum non-conveniens*."

18. Amazon admits that it has purchased fabric pod arrays ("FPAs") from Gilimex pursuant to the CSPA and purchase orders accepted by Gilimex, but otherwise lacks information

or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19. To the extent a response is required, Amazon denies the allegations in paragraph 19.

20. Amazon admits the allegations in paragraph 20.

21. Amazon admits the allegations in paragraph 21.

22. Amazon admits that Kiva Systems, Inc. ("Kiva") was acquired by Amazon.com, Inc. pursuant to an agreement executed in 2012, and that Kiva was renamed Amazon Robotics LLC in 2015.

23. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23. To the extent a response is required, Amazon denies the allegations in paragraph 23.

24. Amazon denies the allegations in paragraph 24, except Amazon admits that in or about 2014, Amazon began purchasing FPAs from Gilimex pursuant to purchase orders accepted by Gilimex.

25. Amazon admits that it relayed to Gilimex specifications for FPAs purchased pursuant to the CSPA and purchase orders accepted by Gilimex, but denies the remaining allegations in paragraph 25.

26. Amazon denies the allegations in paragraph 26.

27. Amazon denies the allegations in paragraph 27.

28. Amazon admits that it received FPAs purchased from Gilimex pursuant to purchase orders accepted by Gilimex in 2014.

29. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29. To the extent a response is required, Amazon denies the allegations in paragraph 29.

30. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30. To the extent a response is required, Amazon denies the allegations in paragraph 30.

31. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31. To the extent a response is required, Amazon denies the allegations in paragraph 31.

32. Amazon denies the allegations in paragraph 32.

33. Amazon denies the allegations in paragraph 33.

34. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34. To the extent a response is required, Amazon denies the allegations in paragraph 34.

35. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35. To the extent a response is required, Amazon denies the allegations in paragraph 35.

36. Amazon denies the allegations in paragraph 36.

37. Amazon admits that the parties executed the CSPA, denies Gilimex's characterizations of the CSPA to the extent inconsistent with its text, and denies the remaining allegations in paragraph 37.

38. Amazon denies the allegations in paragraph 38.

39. Amazon refers to the text of the November 10, 2020, email referenced in paragraph 39, denies Gilimex's characterizations of that communication to the extent inconsistent with its text, and denies the remaining allegations in paragraph 39.

40. Amazon refers to the text of the June 2, 2021, email referenced in paragraph 40, denies Gilimex's characterizations of that communication to the extent inconsistent with its text, and denies the remaining allegations in paragraph 40.

41. Amazon denies the allegations in paragraph 41.

42. Amazon denies the allegations in paragraph 42.

43. Amazon denies the allegations in paragraph 43.

44. Amazon refers to the text of the June 18, 2021, emails referenced in paragraph 44, denies Gilimex's characterizations of those communications to the extent inconsistent with their text, and denies the remaining allegations in paragraph 44.

45. Amazon refers to the text of the July 7, 2021, email referenced in paragraph 45, denies Gilimex's characterizations of that communication to the extent inconsistent with its text, and denies the remaining allegations in paragraph 45.

46. Amazon refers to the text of the September 14, 2021, email referenced in paragraph 46, denies Gilimex's characterizations of that communication to the extent inconsistent with its text, and denies the remaining allegations in paragraph 46.

47. Amazon denies the allegations in paragraph 47.

48. Amazon denies the allegations in paragraph 48.

49. Amazon denies the allegations in paragraph 49.

50. Amazon admits that its global demand for FPAs increased in 2020 (relative to its demand in 2019), but denies the remaining allegations in paragraph 50.

51. Amazon denies the allegations in paragraph 51.

52. Amazon admits that its global demand for FPAs increased in 2021 (relative to its demand in 2020), but denies the remaining allegations in paragraph 52.

53. Amazon denies the allegations in paragraph 53.

54. Amazon denies the allegations in paragraph 54.

55. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55. To the extent a response is required, Amazon denies the allegations in paragraph 55.

56. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56. To the extent a response is required, Amazon denies the allegations in paragraph 56.

57. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57.  To the extent a response is required, Amazon denies the allegations in paragraph 57.

58. Amazon denies the allegations in paragraph 58.

59. Amazon denies the allegations in paragraph 59.

60. Amazon denies the allegations in paragraph 60.

61. Amazon denies the allegations in paragraph 61.

62. Amazon admits that the parties executed the CSPA, denies Gilimex's characterizations of the CSPA to the extent inconsistent with its text, and denies the remaining allegations in paragraph 62.

63. Amazon admits that the parties executed the CSPA, denies Gilimex's characterizations of the CSPA to the extent inconsistent with its text, and denies the remaining allegations in paragraph 63.

64. In light of the Court's September 27, 2023, Opinion and Order with respect to Amazon's motion to dismiss for failure to state a claim (Dkt. No. 45) (the "Order"), no response is required to the allegations in paragraph 64.  To the extent a response is required, Amazon admits that the parties executed the CSPA, denies Gilimex's characterizations of the CSPA to the extent inconsistent with its text, and denies the remaining allegations in paragraph 64.

65. In light of the Order, no response is required to the allegations in paragraph 65.  To the extent a response is required, Amazon admits that the parties did not hold any meetings pursuant to Section 1.3 of the CSPA, and denies the remaining allegations in paragraph 65.

66. In light of the Order, no response is required to the allegations in paragraph 66.  To the extent a response is required, Amazon denies the allegations in paragraph 66.

67. Amazon denies the allegations in paragraph 67.

68. Amazon denies the allegations in paragraph 68.

69. Amazon admits that its global demand for FPAs decreased in 2022 (relative to its demand in 2021) and that Amazon advised Gilimex of such decrease in global demand in April 2022. Amazon otherwise denies the allegations in paragraph 69.

70. Amazon denies the allegations in paragraph 70.

71. Amazon admits that its global demand for FPAs decreased in 2022 (relative to its demand in 2021) and that Amazon advised Gilimex of such decrease in global demand in May 2022, but denies the remaining allegations in paragraph 71.

72. Amazon denies the allegations in paragraph 72.

73. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73. To the extent a response is required, Amazon denies the allegations in paragraph 73.

74. Amazon denies the allegations in paragraph 74.

75. Amazon denies the allegations in paragraph 75.

76. Amazon denies the allegations in paragraph 76.

77. Amazon denies the allegations in paragraph 77.

78. Amazon admits that representatives of Gilimex and Amazon met at Amazon's headquarters on June 28, 2022.

79. Amazon admits that representatives of Gilimex and Amazon met for dinner at Mystique Asian Restaurant & Lounge in Everett, Massachusetts, on June 27, 2022, and denies the remaining allegations in paragraph 79.

80. Amazon denies the allegations in paragraph 80.

81. Amazon denies the allegations in paragraph 81.

82. Amazon admits that representatives of Gilimex and Amazon met at Amazon's headquarters on June 28, 2022.

83. Amazon denies the allegations in paragraph 83.

84. Amazon denies the allegations in paragraph 84.

85. Amazon denies the allegations in paragraph 85, except Amazon admits that on at least one occasion following the parties' meeting on June 28, 2022, representatives of Gilimex showed up unannounced at Amazon's headquarters and demanded access to Amazon employees, which access was denied.

86. Amazon admits that representatives of Gilimex and Amazon met via video conference on August 3, 2022, and denies the remaining allegations in paragraph 86.

87. Amazon refers to the text of the August 4, 2022, email referenced in paragraph 87, denies Gilimex's characterizations of that communication to the extent inconsistent with its text, and denies the remaining allegations in paragraph 87.

88. Amazon denies the allegations in paragraph 88.

89. Amazon lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 89. To the extent a response is required, Amazon denies the allegations in paragraph 89.

## FIRST CAUSE OF ACTION

90. In light of the Order, no response is required to the allegations in paragraph 90. To the extent a response is required, Amazon repeats and re-avers its responses to all preceding paragraphs as if fully set forth herein.

91. In light of the Order, no response is required to the allegations in paragraph 91. To the extent a response is required, Amazon denies the allegations in paragraph 91.

92. In light of the Order, no response is required to the allegations in paragraph 92. To the extent a response is required, Amazon denies the allegations in paragraph 92.

93. In light of the Order, no response is required to the allegations in paragraph 93. To the extent a response is required, Amazon denies the allegations in paragraph 93.

94. In light of the Order, no response is required to the allegations in paragraph 94. To the extent a response is required, Amazon admits that its global demand for FPAs decreased in 2022 (relative to its demand in 2021) and that Amazon advised Gilimex of such decrease in global demand in April 2022, but denies the remaining allegations in paragraph 94.

95.    In light of the Order, no response is required to the allegations in paragraph 95. To the extent a response is required, Amazon denies the allegations in paragraph 95.

96.    In light of the Order, no response is required to the allegations in paragraph 96. To the extent a response is required, Amazon admits that its global demand for FPAs decreased in 2022 (relative to its demand in 2021) and that Amazon advised Gilimex of such decrease in global demand in May 2022, but denies the remaining allegations in paragraph 96.

97.    In light of the Order, no response is required to the allegations in paragraph 97. To the extent a response is required, Amazon denies the allegations in paragraph 97.

98.    In light of the Order, no response is required to the allegations in paragraph 98. To the extent a response is required, Amazon denies the allegations in paragraph 98.

99.    In light of the Order, no response is required to the allegations in paragraph 99. To the extent a response is required, Amazon denies the allegations in paragraph 99.

100.    In light of the Order, no response is required to the allegations in paragraph 100. To the extent a response is required, Amazon denies the allegations in paragraph 100.

101.    In light of the Order, no response is required to the allegations in paragraph 101. To the extent a response is required, Amazon denies the allegations in paragraph 101.

102.    In light of the Order, no response is required to the allegations in paragraph 102. To the extent a response is required, Amazon denies the allegations in paragraph 102.

**SECOND CAUSE OF ACTION**

103.    In light of the Order, no response is required to the allegations in paragraph 103. To the extent a response is required, Amazon repeats and re-avers its responses to all preceding paragraphs as if fully set forth herein.

104.    In light of the Order, no response is required to the allegations in paragraph 104. To the extent a response is required, Amazon admits that Amazon and Gilimex are "person[s] who engage[] in the conduct of any trade or commerce," but denies that Massachusetts law applies to the parties' commercial relationship.

105. In light of the Order, no response is required to the allegations in paragraph 105. To the extent a response is required, Amazon denies the allegations in paragraph 105.

106. In light of the Order, no response is required to the allegations in paragraph 106. To the extent a response is required, Amazon denies the allegations in paragraph 106.

107. In light of the Order, no response is required to the allegations in paragraph 107. To the extent a response is required, Amazon denies the allegations in paragraph 107.

108. In light of the Order, no response is required to the allegations in paragraph 108. To the extent a response is required, Amazon denies the allegations in paragraph 108.

109. In light of the Order, no response is required to the allegations in paragraph 109. To the extent a response is required, Amazon denies the allegations in paragraph 109.

110. In light of the Order, no response is required to the allegations in paragraph 110. To the extent a response is required, Amazon denies the allegations in paragraph 110.

## THIRD CAUSE OF ACTION

111. In light of the Order, no response is required to the allegations in paragraph 111. To the extent a response is required, Amazon repeats and re-avers its responses to all preceding paragraphs as if fully set forth herein.

112. In light of the Order, no response is required to the allegations in paragraph 112. To the extent a response is required, Amazon admits that Gilimex and Amazon entered into the CSPA as of January 7, 2021.

113. In light of the Order, no response is required to the allegations in paragraph 113. To the extent a response is required, Amazon denies the allegations in paragraph 113.

114. In light of the Order, no response is required to the allegations in paragraph 114. To the extent a response is required, Amazon admits that the parties executed the CSPA, denies Gilimex's characterizations of the CSPA to the extent inconsistent with its text, and denies the remaining allegations in paragraph 114.

115. In light of the Order, no response is required to the allegations in paragraph 115. To the extent a response is required, Amazon denies the allegations in paragraph 115.

- 10 -

116. In light of the Order, no response is required to the allegations in paragraph 116. To the extent a response is required, Amazon denies the allegations in paragraph 116.

117. In light of the Order, no response is required to the allegations in paragraph 117. To the extent a response is required, Amazon denies the allegations in paragraph 117.

## FOURTH CAUSE OF ACTION

118. Amazon repeats and re-avers its responses to all preceding paragraphs as if fully set forth herein.

119. Amazon denies the allegations in paragraph 119.

120. Amazon denies the allegations in paragraph 120.

121. Amazon denies the allegations in paragraph 121.

122. Amazon denies the allegations in paragraph 122.

123. Amazon denies the allegations in paragraph 123.

124. Amazon denies the allegations in paragraph 124.

125. Amazon denies the allegations in paragraph 125.

126. Amazon denies the allegations in paragraph 126.

127. Amazon denies the allegations in paragraph 127.

## PRAYER FOR RELIEF

Amazon denies that Gilimex is entitled to damages in any amount or any other form of relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Amazon identifies the following defenses and affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Amazon denies all allegations not expressly admitted herein and reserves any and all defenses it may have against Gilimex.

3. Gilimex's claim is barred by the express terms of the CSPA, including, without limitation, sections 4.2, 17.4, 17.12(a), and 17.14.

4. Gilimex's claimed damages are barred by the express terms of the CSPA, including, without limitation, section 12.3.

5. Gilimex's claim is barred by the fact that the parties were in a commercial relationship of manufacturer/supplier and customer, and no fiduciary relationship existed between Gilimex and Amazon.

6. Gilimex's claim is barred by the fact that Gilimex made its own business decisions relating to investments for the production of FPAs and did so for the purpose of competing for additional orders of FPAs from Gilimex by Amazon.

7. Gilimex's claim for damages is barred, in whole or in part, by the fact that Gilimex recouped all or part of its investment for production of FPAs through the sale of FPAs to Amazon.

8. Gilimex's claim is barred by the parol evidence rule.

9. Gilimex's claim is barred by the doctrine of assumption of the risk.

10. Gilimex's claim is barred by the economic loss doctrine.

11. Gilimex's claim is barred by Gilimex's contributory and/or comparative negligence.

12. Gilimex's claim is barred due to the presence of intervening and/or superseding causes of its purported damages.

13. Gilimex's claim is barred because its claimed damages were not foreseeable.

14. Gilimex's claim is barred because its claimed damages are wholly speculative, conjectural, unreasonable, excessive and/or arbitrary.

15. Gilimex's claim is barred by the doctrine of laches.

16. Gilimex's claim is barred by the doctrine of unclean hands.

17. Gilimex's claim is barred due to Gilimex's failure to mitigate its purported damages.

18. Gilimex's claim is barred due to the absence of reliance by Gilimex on any statements, promises, or assurances made by Amazon.

19. Gilimex's claim is barred due to the lack of any causal relationship between any action or omission by Amazon and Gilimex's claimed damages.

20. Gilimex's claim is barred due to Gilimex's failure to act in a commercially reasonable manner.

21. Amazon reserves the right to amend and/or supplement its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery obtained in this action. Amazon will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Amazon prays a judgment as follows:

1. Dismissing the Complaint with prejudice;

2. Denying all relief requested by Gilimex; and

3. Awarding such other and further relief as this Court may deem just and proper.

Dated: October 18, 2023
New York, New York

By: */s/ Alan B. Howard*
Alan B. Howard
Adam R. Mandelsberg
Margaret W. Meyers
Evelyn Y. Pang
**PERKINS COIE LLP**
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
Tel: 212.262.6900
Fax: 212.977.1649
AHoward@perkinscoie.com
AMandelsberg@perkinscoie.com

*Attorneys for Defendant*
*Amazon.com Services LLC*

- 13 -