UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                :

BINH THANH IMPORT EXPORT          :
PRODUCTION & TRADE JOINT STOCK CO., :
                       Plaintiff,    :           23 Civ. 292 (LGS)
                                 :
        -against-             :             ORDER
                                 :
AMAZON.COM SERVICES LLC,        :
                       Defendant.  :
---------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, in a letter motion filed on November 10, 2023, Plaintiff requested that the

Exhibits at Dkt. 58 be filed under seal, in deference to the parties' confidentiality designations;

       WHEREAS, in letters filed on November 14, 2023, November 16, 2023, and December 5,

2023, Defendant requested that certain information pertaining to Amazon's production and

implementation of technologies used in its fulfillment centers and its supply chain strategy be

redacted from the public record, with unredacted versions filed under seal.  Defendant contends

that the information is highly confidential, competitively sensitive and proprietary trade

information;

       WHEREAS, "[t]he common law right of public access to judicial documents is firmly

rooted in our nation's history," this right is not absolute and courts "must balance competing

considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435

F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner

Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the

sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and

circumstances of the particular case.").  Although the parties' confidentiality designations are not

dispositive of whether the public's right of access to judicial documents overcomes competing

considerations, courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information.  *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22 Civ. 9910, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024); *Volino v. Progressive Cas. Ins. Co.*, No. 21 Civ. 6243-LGS, 2023 WL 4636204, at *1 (S.D.N.Y. July 20, 2023); *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 6465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020).  "[I]f the disclosure of a litigant's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents containing such information."  *Emergency Physician Servs. of New York v. UnitedHealth Grp., Inc.*, No. 20 Civ. 9183, 2023 WL 8306746, *1 (S.D.N.Y. Dec. 1, 2023);

WHEREAS, Defendant has demonstrated that the redacted material contains sensitive information that, if disclosed, could harm Defendant's competitive standing.  This information includes proprietary materials "concerning the defendants' marketing strategies, product development, costs and budgeting."  *Emergency Physician Servs. Of New York*, 2023 WL 8306746 at *1.  It is hereby

**ORDERED** that Defendant's requests that certain information be redacted from the public record, with unredacted versions filed under seal is GRANTED.

The Clerk of Court is respectfully directed to maintain the documents at Dkt. 58, Dkt. 61, Dkt. 63, Dkt. 67 and Dkt. 69 under seal, and to close the motions at Dkts. 57, 62 and 66.

Dated: February 2, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2