UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BINH THANH IMPORT EXPORT
PRODUCTION & TRADE JOINT CO., D/B/A       :  23 Civ. 292 (LGS)
GILIMEX, INC.,
                             Plaintiff,   :  ORDER

            -against-

AMAZON.COM SERVICES LLC, D/B/A
AMAZON ROBOTICS,
                            Defendant.
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Defendant moves to seal various documents filed in connection with Defendant's motion for summary judgment. Specifically, Defendant moves to seal or redact portions of the parties' memoranda of law, supporting exhibits and statements of material facts. Plaintiff takes no position on the requests.

    WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

monitoring the federal courts." *Id.*  The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)).  Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, all of the documents at issue here are judicial documents.  They are: memoranda of law in support of and in opposition to Defendant's motion for summary judgment; statements of material facts pursuant to Federal Rule of Civil Procedure 56.1; and declarations and exhibits filed in support of and in opposition to the motion.  These documents are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119.  Documents submitted in connection with a motion for summary judgment are judicial documents because they "call upon the court to exercise its Article III powers." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch*, 435 F.3d at 120. "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel*, 2021 WL 1541385, at *2.

WHEREAS, Defendant seeks limited redactions to each document at issue, except for one exhibit to Plaintiff's opposition to the motion, which Defendant seeks to file wholly under seal. Defendant's letters state that the proposed redactions concern confidential business and legal information, and a review of the proposed redactions confirms that representation. Previous requests to seal similar information in this case have been granted.

WHEREAS, as described in prior sealing orders in this case, where Defendant seeks to redact specific information about the parties' confidential business and legal strategies, the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to these filings. Defendant's motions to seal proposed limited redactions to specific information within the documents. Where Defendant has requested to fully seal an exhibit, that request is appropriate given that the confidential business and legal information is pervasive throughout the document. It is hereby

**ORDERED** that the sealing motions at Dkt. Nos. 90, 96, 100 and 107 are **GRANTED**.

Dated: March 5, 2025
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3