**GIBSON DUNN**

Barry Berke
Partner
T: +1 212.351.3860
bberke@gibsondunn.com

May 2, 2025

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*,
      Case No. 1:23-cv-00292 (S.D.N.Y.)

Dear Judge Schofield:

I represent Defendant Amazon.com Services LLC ("Amazon") in the above-referenced action. Pursuant to Your Honor's Individual Rule for Civil Cases I.D.3, and for the reasons set forth below, Amazon respectfully requests permission to file under seal Exhibit 3 to the Declaration of Grace E. Hart in Support of Amazon's Motion *in Limine* to Exclude Evidence of Settlement Communications (the "Settlement Agreement").

In addition, Amazon respectfully moves the Court to treat as sealed Exhibit 2 to the Declaration of Grace E. Hart in Support of Amazon's Motion *in Limine* to Exclude Le Hung's Testimony About Statements Made in English; Exhibits 1, 2, 3, and 4 to the Declaration of Grace E. Hart and Exhibits A through I to the Declaration of Andrew Tappeto in Support of Amazon's Motion *in Limine* to Exclude Evidence Related to Raw Materials; and Exhibits 1, 3, and 4 to the Declaration of Grace E. Hart in Support of Amazon's Motion *in Limine* to Exclude Testimony of Mark F. Rule (together, the "Confidential Materials") pending designation by Plaintiff Binh Thanh Import Export Production & Trade Joint Stock Co., d/b/a Gilimex, Inc. ("Gilimex").

**The Settlement Agreement**

Amazon respectfully requests permission to file under seal the Settlement Agreement and to submit its Memorandum of Law in Support of its Motion *in Limine* to Exclude Evidence of Settlement Communications ("Settlement MOL") with a limited redaction to a quotation from the Settlement Agreement.  *See* Settlement MOL at 2-3.

Gibson, Dunn & Crutcher LLP
200 Park Avenue  |  New York, NY 10166-0193  |  T: 212.351.4000  |  F: 212.351.4035  |  gibsondunn.com

**GIBSON DUNN**

May 2, 2025
Page 2

To overcome the presumption of public access that attaches to a judicial document, the Court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "Courts in the Second Circuit routinely hold that such 'higher values' include protecting from disclosure proprietary, sensitive, and confidential business information." *Markowitz v. KBI Servs.*, 2021 WL 4555833, at *2 (S.D.N.Y. Oct. 5, 2021) (Schofield, J.) (collecting cases); *accord IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024).

Sealing the Settlement Agreement is warranted here. The Settlement Agreement discloses Amazon's confidential business information because it reveals specific terms and conditions Amazon uses in settlement agreements to resolve disputes. Further, the Settlement Agreement is labeled as Confidential in the header of each of its four pages, as well as the footer of its first three pages, and was designated as confidential by Amazon during discovery in this action. The Settlement Agreement should remain under seal given Amazon's interest in maintaining the confidentiality of a draft contract that was always intended to be confidential, the disclosure of which would put it at a competitive disadvantage in its attempts to resolve any future disputes. *Cf. Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4-5 (S.D.N.Y. Apr. 12, 2016) (recognizing that avoiding "competitive injury" is a "higher value" and granting motion to seal). Further, Amazon's sealing request is narrowly tailored to serve that interest—specifically, Amazon seeks only to seal a single exhibit and a quotation to the Settlement Agreement in one sentence in the Settlement MOL.

**The Confidential Materials**

In addition, Amazon respectfully moves the Court to treat as sealed the Confidential Materials pending designation by Gilimex. These 17 exhibits have been designated as Confidential by Gilimex, or otherwise contain information that Gilimex has designated as Confidential, pursuant to the February 21, 2023 Stipulation and Confidentiality Order (the "Confidentiality Order"). *See* Dkt. 25. In addition, two of Amazon's Memoranda of Law—specifically, its Memoranda of Law in Support of its Motions *in Limine* (1) to Exclude Evidence Related to Raw Materials (the "Raw Materials MOL") and (2) to Exclude Testimony of Mark F. Rule (the "Rule MOL")—as well as the Declaration of Andrew Tappeto in Support of Amazon's Motion *in Limine* to Exclude Evidence Related to Raw Materials (the "Tappeto Decl."), reference certain information contained within the aforementioned exhibits.

Amazon takes no position as to whether any of the above information should remain under seal. However, given the existence of these confidentiality designations under the Confidentiality Order, Amazon has filed these 17 exhibits under seal. Amazon has also filed the Raw Materials MOL, Rule MOL, and Tappeto Decl. with redactions to prevent the disclosure of information that Gilimex has designated as Confidential in those 17 exhibits. *See* Raw Material MOL at 1, 3-5; Rule MOL at 4, 8-10, 12, 15; Tappeto Decl. at 3-5.

**GIBSON DUNN**

May 2, 2025<br>Page 3

Amazon has taken this approach out of an abundance of caution and to give Gilimex an opportunity to designate which portions of those documents Gilimex wishes to keep under seal, if any, and to provide the reasons for such continued treatment consistent with Your Honor's Individual Rule for Civil Cases I.D.3.

Respectfully submitted,

*/s/ Barry Berke*

cc: All counsel of record (by ECF)

**GIBSON DUNN**

May 2, 2025  
Page 4

## Appendix

Pursuant to Your Honor's Individual Rule I.D.3, included below is a list of all parties and attorneys of record who should have access to the sealed documents:

| | |
|---|---|
| Marc E. Kasowitz<br>Edward E. Filusch<br>Victor J. Brienza<br>KASOWITZ BENSON TORRES LLP<br>1633 Broadway<br>New York, New York 10019<br><br>*Attorneys for Plaintiff* | Barry H. Berke<br>Jordan Estes<br>Grace E. Hart<br>Daniel M. Ketani<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>bberke@gibsondunn.com<br>jestes@gibsondunn.com<br>ghart@gibsondunn.com<br>dketani@gibsondunn.com<br><br>Alan B. Howard<br>Adam R. Mandelsberg<br>Evelyn Y. Pang<br>PERKINS COIE LLP<br>1155 Avenue of Americas, 22nd Floor<br>New York, NY 10036<br>AHoward@perkinscoie.com<br>AMandelsberg@perkinscoie.com<br>EPang@perkinscoie.com<br><br>*Attorneys for Defendant* |