# Exhibit 2

# KASOWITZ BENSON TORRES LLP

EDWARD E. FILUSCH
DIRECT DIAL: 212-506-1710
DIRECT FAX: 212-835-5010
EFILUSCH@KASOWITZ.COM

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

June 3, 2025

**VIA EMAIL**

Jordan Estes
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
jestes@gibsondunn.com

Re:     ***Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*, Case No. 1:23-cv-00292-LGS (S.D.N.Y.)**

Counsel:

We write in response to your May 27, 2025 letter.  Amazon's "deep concern"—regarding Le Hung's declaration, Gilimex's corresponding supplemental production of documents, and additional documents Gilimex produced nearly two years ago—rings hollow.

Amazon has already improperly challenged the reliability of documents produced by Gilimex in two motions *in limine*.  *See* Dkt. Nos. 133, 138.  As Gilimex explained in its opposition to those motions (*see* Dkt. Nos. 151, 154), Amazon's claim that the Blazemax meeting minutes were created for the purposes of this litigation and that this was "concealed" from anyone is false and outrageous.  The hard copies of the meeting minutes produced with Mr. Le's declaration were created contemporaneously with the meetings themselves.  Corroborating this is the fact that both Gilimex and its supplier, Blazemax, signed and stamped the minutes, as Mr. Le explains in his declaration.  One glance at the copies of the minutes produced with Mr. Le's declaration demonstrates why, as Mr. Le further explains, there are no contemporaneous electronic versions of the documents—they have wet signatures and physical stamps.[1]

---

[1]     The same is true of all but two of the documents listed in Exhibit A.  Those two documents (GILM00279406, GILM00279424) are not hard copy documents but rather emails, the metadata for which shows they are HTML files and otherwise that they are from the same date and time as the face of the emails.

# KASOWITZ BENSON TORRES LLP

June 3, 2025
Page 2 of 4

Gilimex's expert, Mark Rule, relied upon electronic copies of these minutes[2] that are *identical* to the hard copy minutes except lack the signatures and stamps.[3]  That Mr. Rule relied upon the electronic versions is irrelevant.  And Gilimex appropriately produced the versions that Mr. Rule relied upon to Amazon consistent with its obligations under Fed. R. Civ. P. 26(a)(2)(B)(ii).

Amazon also now apparently seeks to belatedly contest additional documents Gilimex produced.  Amazon's time for such a challenge passed long ago.  110 of the 114 documents identified in Exhibit A were produced nearly two years ago, on August 2, 2023, *during fact discovery* and before any depositions.[4]  Raising purported issues with Gilimex's discovery on the eve of trial, when Amazon and its counsel had every opportunity to do so over the past nearly two years, including in fact discovery, is inappropriate and prejudicial.[5]  *See Rahman v. Lee*, 2024 WL 4043697, at *2 (S.D.N.Y. Sept. 4, 2024) (denying motion *in limine* in part because defendant "waited until eve of trial to raise [discovery dispute]"); *Nemec v. Shrader*, 2015 WL 1650391, at *2-3 (S.D.N.Y. Apr. 13, 2015) (denying motion *in limine* for an adverse inference instruction as a sanction for alleged discovery abuses after extensive discovery where "[p]laintiffs had every opportunity to seek sanctions for alleged discovery misconduct during the years of pretrial discovery" yet "waited until days before trial to raise this quite complex issue"); *see also Wright v. Levitt*, 2022 WL 420105 (W.D.N.Y. Feb. 11, 2022) (defendants "had over two

---

[2]     *See* GILM00282134, GILM00282135, GILM00282136, GILM00282137, GILM00282138, GILM00282139, GILM00282140.

[3]     The Blazemax meeting minutes annexed to Mr. Le's declaration are not "mere[] printouts of the spreadsheets that Amazon received during expert discovery," but rather the exact opposite; the spreadsheets are copies of the hard copies.  Moreover, Amazon notes that the meeting minutes were purportedly signed by Le Thi Kim Oanh, a representative of third-party Blazemax, who was not deposed, but Amazon has not sought to take the discovery of any Gilimex third-party supplier, including those identified in documents listed in Exhibit A and in other discovery, which again were produced to Amazon well before any depositions were taken in this case.  *See, e.g.*, GILM00279379.  Further, Gilimex produced in fact discovery a sales contract with Blazemax noting Gilimex as the receiver of the raw materials, the appendices for which identify Amazon as the buyer and Amazon's "textile material specification[s]."  GILM00242628.

[4]     Three of the remaining documents in Exhibit A were produced in connection with Gilimex's expert report, in November 2023 (GILM00282113, GILM00282224, GILM00282131).  The final document, GILM00282974, was attached to Mr. Le's declaration.

[5]     Amazon could have but did not raise these purported deficiencies in any depositions or status letters to the Court.  *See generally* Dkt. 46 (noting that "the parties have completed production of documents and exchanged privilege logs" and while Gilimex submitted an ESI deficiency letter, Amazon submitted an email noting "deficiencies with Gilimex's privilege log"); Dkt. 53 ("Fact discovery is substantially complete[.]").  In fact, the Blazemax meeting minutes Amazon now questions were introduced at Mr. Rule's deposition, and Amazon's counsel did not raise any purported deficiency with the documents.  *See* Rule Dep. Tr. 222:19-227:13.  Moreover, Amazon identified "[t]he documents that Gilimex has produced in the above-captioned action to date" as one of the topics for Gilimex's corporate representative deposition, and thus already had the opportunity to ask Mr. Le questions about the majority of documents listed in Exhibit A.  Amazon 30(b)(6) Deposition Notice, Topic 22.

# KASOWITZ BENSON TORRES LLP

June 3, 2025
Page 3 of 4

months *while discovery was still open* to raise these objections regarding the disclosure") (emphasis in original).[6]

In any event, any challenge to those documents would be meritless. As is obvious from even a cursory review of the documents listed in Exhibit A,[7] they are hard copy documents. Accordingly, there is no associated metadata or contemporaneous electronic information. Furthermore, to the extent Gilimex intends to use any of the challenged evidence at trial, consistent with all evidence to be introduced, Gilimex will lay the proper foundation for authenticity and admissibility. Any of Amazon's challenges to such evidence, including any collateral attacks on Mr. Le's credibility, will go to the weight of the evidence for the jury, not its admissibility. *See Scholastic, Inc. v. Harris*, 259 F.3d 73, 87 (2d Cir. 2001) (failure to credit deposition testimony was an "inappropriate resolution of a witness' credibility" which is "solely within the province of the jury") (citation omitted); *Cabrera v. New York*, 2018 WL 5276425, at *14 (S.D.N.Y. Oct. 23, 2018) ("The credibility of the authenticating witness and any motive she may have had to alter the evidence go to the weight to be accorded this evidence, rather than its admissibility.") (citation omitted); *Kleiman v. O'Neill*, 2010 WL 3154828, at *2 (E.D.N.Y. Aug. 9, 2010) (denying motion *in limine* to exclude specific documents where "questions go to their authenticity, and if a proper foundation is laid for admission, to the weight that they are to be given by a jury, not their admissibility"); *see also United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007) (recognizing that the bar for authentication "is not particularly high" and that "[t]he testimony of a witness with knowledge that a matter is what it is claimed to be is sufficient to satisfy this standard").

Finally, Amazon's request to produce all documents listed in Exhibit A for inspection in New York is unduly burdensome; Amazon's request is untimely because discovery is closed; and, in any event, Gilimex is under no obligation to do so because it has produced duplicates of the originals. *See* Fed. R. Evid. 1003 ("A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate.").[8]

---

[6]     Other federal courts are in accord. *See City of Wilmington v. United States,* 152 Fed. Cl. 373, 380 (2021) ("To the extent Wilmington was unsatisfied by the government's interrogatory response, Wilmington should have filed a timely motion pursuant to RCFC 37 to compel discovery. Wilmington should not have waited until nearly the eve of trial to seek exclusion of the government's evidence."); *Atkins v. Sunbelt Rentals, Inc.*, 2015 WL 13612030, at *4 (D. Md. Sept. 7, 2015) ("failure to raise in a timely fashion a discovery dispute may constitute a waiver"); *Lochridge v. Lindsey Mgmt. Co.*, 2014 WL 11975055, at *6 (W.D. Ark. Sept. 9, 2014) ("this motion in limine attempts to revive a discovery dispute that was waived by the failure to timely raise it"); *McDonough v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 2011 WL 13238414, at *2 (D.N.J. Nov. 7, 2011) ("[party's] failure to bring the subject discovery dispute to the Court's attention within the ample discovery period afforded to the parties stemmed from a lack of sufficient diligence in [that party's] pursuit of her document request.").*Kinnally v. Rogers Corp.*, 2008 WL 4850116, at *4 (D. Ariz. Nov. 7, 2008) ("Any issue that could be considered a discovery dispute and that the party could have brought to the Court's attention during the allowable discovery period must be viewed, after the close of discovery, as an untimely discovery dispute.").

[7]     Except for GILM00279406 and GILM00279424 which, as noted, are emails.

[8]     There is no genuine question about these documents' authenticity.

K ASOWITZ  B ENSON  T ORRES  LLP

June 3, 2025
Page 4 of 4


We trust that this resolves the concerns expressed in your May 27 letter.  Gilimex expressly reserves all rights and waives none.


Sincerely,

Edward E. Filusch