# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
DIRECT FAX: 212-835-5010
MKASOWITZ@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

June 17, 2025

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*, No. 1:23-cv-00292-LGS

Dear Judge Schofield:

      We represent Plaintiff Gilimex and write in opposition to Amazon's June 9, 2025 letter requesting a pre-motion conference for sanctions. Dkt. 176.[1] The application should be denied.

      Amazon claims that Gilimex should receive the most severe sanction possible, dismissal of this action, because a substantial portion of Gilimex's damages, the $69 million Blazemax PO, according to Amazon, "does not exist" and is "fabricated." *Id.* Amazon argues that two small companies that appear to be under Amazon's control, *see* Ex. 1 ("Filusch Decl.") at Exs. 1A, 1B, and that make labels for Amazon, have submitted declarations stating that documents produced by Gilimex concerning purchases from these vendors—none of which are part of Gilimex's damages case or on Gilimex's exhibit list—are fabricated and, therefore, the Blazemax PO also must be "fabricated." Dkt. 176 at 2–3. Amazon argues that there is no contemporaneous "electronic" version of the purchase order and Amazon is unable to "confirm" the "inauthenticity" of the purchase order because Blazemax "is affiliated" with Gilimex. *Id.* at 3.

      Amazon's claims are patently false and irresponsible. [REDACTED]

      Based on this flimsy argument, and having admitted that it cannot determine the "inauthenticity" of the purchase order, Amazon seeks the most "severe sanctions." *Id.* at 3. That is outrageous conduct for which Gilimex will seek appropriate sanctions. Amazon's request should be denied.

---

[1]    Undefined capitalized terms have the same meaning as in Amazon's letter.

KASOWITZ BENSON TORRES LLP

Hon. Lorna G. Schofield
June 17, 2025
Page 2 of 5

I.     AMAZON'S "FABRICATION" CLAIMS ARE FALSE OR UNFOUNDED

   a. The Blazemax Documents Are Authentic.

Amazon's claim that the Blazemax PO is fraudulent is utterly false and based on conjecture. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Blazemax PO and Meeting Minutes are conclusively authentic, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

KASOWITZ BENSON TORRES LLP

Hon. Lorna G. Schofield
June 17, 2025
Page 3 of 5



### b. Amazon's Contentions Regarding Other Suppliers Are False and Irrelevant.

Amazon's remaining assertions concerning other "fabricated" documents, Dkt. 176 at 2–3, are equally false. It first submits affidavits by two Amazon vendors—label manufacturers Avery Dennison ("AD") and Graphic Information Systems ("GIS")—which purportedly "confirm[] they did not create the [documents] Gilimex produced." Dkt. 176 at 2; Nguyet Decl. ¶¶ 4, 15; Filusch Decl. Exs. 1A, 1B.

The AD employee's declaration, Dkt. 176-3, raises more questions than answers. For instance, the declarant claims a demand letter by another AD employee, Christine Bui, was "fraudulent" based on a search of Bui's "electronic files." Dkt. 176-3 ¶ 5. Yet the declarant is not Bui and does not claim to have spoken to Bui. Though the purportedly fraudulent documents appear to be hard copies, the declarant makes no mention of searching Bui's hardcopy files. That AD found "no record" of PO 0020522-AVD-BT is suspect. *Id.*

# Kasowitz Benson Torres LLP

Hon. Lorna G. Schofield
June 17, 2025
Page 4 of 5



    For any remaining documents Amazon claims are forged, its sole basis is that the stamps on them appear to be copies instead of wet-ink originals.  Dkt. 176 at 3.  That is neither suspicious nor improper

    In any event, these demand letters and purchase orders are irrelevant.  Gilimex has not relied upon them for any of its claims or damages, and will not introduce them at trial.  Amazon is only raising issues concerning these other documents in a misguided attempt to bootstrap its blatantly false claims that the Blazemax documents are fraudulent.  Questioning their authenticity

KASOWITZ BENSON TORRES LLP

Hon. Lorna G. Schofield
June 17, 2025
Page 5 of 5

now, years after production and with no bearing on any live claim, will only lead to an unnecessary and distracting trial-within-a-trial.[2]

## II.   AMAZON'S REQUEST IS PREJUDICIAL

Although Amazon's claims are false and its request should be denied on the merits, the Court need not reach them. Amazon has had the Blazemax documents since at least late 2023, and others, including the AD and GIS documents, since August 2023. Amazon never raised any issues during discovery, including during the four days it deposed Le. Its decision to lie in wait until the eve of trial, then spring a specious sanctions motion, is precisely the kind of ambush courts reject. *See Nemec v. Shrader*, 2015 WL 1650391, at *3 (S.D.N.Y. Apr. 13, 2015) (granting belated discovery sanctions motion "would encourage parties to . . . lie in wait until long after discovery is complete only to ambush their unsuspecting adversaries with charges of wrongdoing on the eve of trial") (cleaned up). Amazon's untimely application grossly prejudices Gilimex and should be disallowed.

*   *   *

Gilimex respectfully requests that Amazon's application for a pre-motion conference be denied and that the Court re-set the parties' pre-trial deadlines so that the trial scheduled for July 21 may proceed.

Respectfully Submitted,

Marc E. Kasowitz

cc:   All Counsel of Record

---

[2] Amazon's authorities on sanctions are inapposite because there is no forgery here.