# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
DIRECT FAX: 212-835-5010
mkasowitz@kasowitz.com

June 17, 2025

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

>    Re:    ***Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com
>    Servs. LLC*, No. 1:23-cv-00292-LGS**

Dear Judge Schofield:

We represent Plaintiff Gilimex and write in opposition to Amazon's June 9, 2025 letter requesting a pre-motion conference for sanctions.  Dkt. 176.[1]  The application should be denied.

Amazon claims that Gilimex should receive the most severe sanction possible, dismissal of this action, because a substantial portion of Gilimex's damages, the $69 million Blazemax PO, according to Amazon, "does not exist" and is "fabricated."  *Id.*  Amazon argues that two small companies that appear to be under Amazon's control, *see* Ex. 1 ("Filusch Decl.") at Exs. 1A, 1B, and that make labels for Amazon, have submitted declarations stating that documents produced by Gilimex concerning purchases from these vendors—none of which are part of Gilimex's damages case or on Gilimex's exhibit list—are fabricated and, therefore, the Blazemax PO also must be "fabricated."  Dkt. 176 at 2–3. Amazon argues that there is no contemporaneous "electronic" version of the purchase order and Amazon is unable to "confirm" the "inauthenticity" of the purchase order because Blazemax "is affiliated" with Gilimex.  *Id.* at 3.

Amazon's claims are patently false and irresponsible.  As shown below, the director of Blazemax, Le Thi Kim Oanh ("Kim"), has sworn to a declaration that the Blazemax PO is authentic and her lawyer supports Kim's credibility.  Likewise, there is no evidence whatsoever that Gilimex or its chairman, Le Hung, controls Blazemax.

Based on this flimsy argument, and having admitted that it cannot determine the "inauthenticity" of the purchase order, Amazon seeks the most "severe sanctions."  *Id.* at 3.  That is outrageous conduct for which Gilimex will seek appropriate sanctions.  Amazon's request should be denied.

---

[1]    Undefined capitalized terms have the same meaning as in Amazon's letter.

# KASOWITZ BENSON TORRES LLP

Hon. Lorna G. Schofield
June 17, 2025
Page 2 of 5

### I.   AMAZON'S "FABRICATION" CLAIMS ARE FALSE OR UNFOUNDED

### a.  The Blazemax Documents Are Authentic.

Amazon's claim that the Blazemax PO is fraudulent is utterly false and based on conjecture. There is no evidence that Gilimex or Le have any control or ownership over Blazemax, and they do not. *See* Ex. 2 ("Hung Decl.") ¶ 10. The Blazemax PO and Meeting Minutes are conclusively authentic, as Kim asserts in her declaration, which she agreed to author only to defend herself against Amazon's offensive allegations. *See generally* Ex. 3 ("Kim Decl."); Hung Decl. ¶¶ 5–9.

While Amazon claims other (irrelevant) documents' stamps and signatures are supposedly forgeries because they are copies, one glance at the stamps and signatures on the Blazemax PO and Meeting Minutes shows that they are distinct and original:



| | |
|---|---|
| Kim Decl. Ex. 3A | Kim Decl. Ex. 3B at 1 |
| Kim Decl. Ex. 3B at 2 | Kim Decl. Ex. 3B at 3 |

# KASOWITZ BENSON TORRES LLP

Hon. Lorna G. Schofield
June 17, 2025
Page 3 of 5



Kim Decl. Ex. 3B at 4

Kim Decl. Ex. 3B at 5

Kim Decl. Ex. 3B at 6

Kim Decl. Ex. 3B at 7

Amazon's other "evidence" concerning the Blazemax PO is thus unavailing—and wrong. For example, Amazon points to inventory reports that exclude materials from the Blazemax PO. However, these reports only show on-hand materials for scheduled productions. Ex. 4 ("Nguyet Decl.") ¶ 21. Gilimex never took possession of the Blazemax PO materials so those materials are not included in the reports. *Id.*

**b.   Amazon's Contentions Regarding Other Suppliers Are False and Irrelevant.**

Amazon's remaining assertions concerning other "fabricated" documents, Dkt. 176 at 2–3, are equally false. It first submits affidavits by two Amazon vendors—label manufacturers Avery Dennison ("AD") and Graphic Information Systems ("GIS")—which purportedly "confirm[] they did not create the [documents] Gilimex produced." Dkt. 176 at 2; Nguyet Decl. ¶¶ 4, 15; Filusch Decl. Exs. 1A, 1B.

The AD employee's declaration, Dkt. 176-3, raises more questions than answers. For instance, the declarant claims a demand letter by another AD employee, Christine Bui, was "fraudulent" based on a search of Bui's "electronic files." Dkt. 176-3 ¶ 5. Yet the declarant is not Bui and does not claim to have spoken to Bui. Though the purportedly fraudulent documents appear to be hard copies, the declarant makes no mention of searching Bui's hardcopy files. That AD found "no record" of PO 0020522-AVD-BT is suspect. *Id.* In an email, Bui agrees to provide labels under the substantially similar PO 0020522-AVD-BT-R. Nguyet Decl. ¶ 8. Gilimex's

# KASOWITZ BENSON TORRES LLP

Hon. Lorna G. Schofield
June 17, 2025
Page 4 of 5

declarant corroborates the authenticity of AD purchase order PO 0020522-AVD-BT and explains why there is a smaller order from a week later.  *Id.* ¶¶ 3–14.

Contemporaneous emails prove that GIS owner Paul Kennell's declaration, Dkt. 176-4, is false.  Amazon claims a version of purchase order number 0020222-GIS-BT dated February 24, 2022, reflecting an order of over 10,000,000 labels, Dkt. 176-4 Ex. 4C, is fraudulent, and the authentic purchase order was for just over 3.6 million labels, *id.* Ex. 4D.  Yet on emails Kennell was copied on just prior to February 24, GIS and Gilimex discuss an order for approximately 10,000,000 labels and splitting them into multiple orders.  Nguyet Decl. Ex. 4B at 16–18.  Later in that chain, a GIS employee refers to splitting an order for over 10,000,000 labels into parts, including one portion for approximately 3.6 million labels, with each using number 0020222-GIS-BT:

From: Luke Friend [mailto:lfriend@graphicinfo.com]
Sent: Friday, March 25, 2022 7:33 PM
To: GILIMEX - THUY DUONG; 'Lê Thùy Dương'
Cc: Linda Donaldson; 'GILIMEX - BICH HANH'
Subject: RE: PO# 0020222-GIS-BT

Looks like I made a mistake.  I thought that the orders that went out last week were from 0020222-GIS-BT, but were from 0010122-GIS-BT.  Below are the target dates for the remaining orders.  I will continue to monitor the last two orders to see if we can push those dates up.

Thank you

Luke

| 40997-2 | 0020222-GIS-BT | 4,212,736 | 3/31/22 |
| 40997-1 | 0020220-GIS-BT | 2,520 | 3/31/22 |
| | | | |
| 40997-3 | 0020222-GIS-BT | 3,030,000 | 4/22/22 |
| 40997-4 | 0020222-GIS-BT | 3,660,000 | 5/11/22 |

*Id.* at 3–4.  At best, what Kennell claims is the authentic 0020222-GIS-BT order is actually a subset of the original purchase order for a larger quantity.

For any remaining documents Amazon claims are forged, its sole basis is that the stamps on them appear to be copies instead of wet-ink originals.  Dkt. 176 at 3.  That is neither suspicious nor improper—Gilimex's supplier agreements permit the use of electronic signatures and stamps. Nguyet Decl. ¶ 20.  One of these suppliers also confirmed that documents Amazon claimed were fraudulent were authentic.  *Id.*

In any event, these demand letters and purchase orders are irrelevant.  Gilimex has not relied upon them for any of its claims or damages, and will not introduce them at trial.  Amazon is only raising issues concerning these other documents in a misguided attempt to bootstrap its blatantly false claims that the Blazemax documents are fraudulent.  Questioning their authenticity

# KASOWITZ BENSON TORRES LLP

now, years after production and with no bearing on any live claim, will only lead to an unnecessary and distracting trial-within-a-trial.[2]

## II.    AMAZON'S REQUEST IS PREJUDICIAL

Although Amazon's claims are false and its request should be denied on the merits, the Court need not reach them. Amazon has had the Blazemax documents since at least late 2023, and others, including the AD and GIS documents, since August 2023. Amazon never raised any issues during discovery, including during the four days it deposed Le. Its decision to lie in wait until the eve of trial, then spring a specious sanctions motion, is precisely the kind of ambush courts reject. *See Nemec v. Shrader*, 2015 WL 1650391, at *3 (S.D.N.Y. Apr. 13, 2015) (granting belated discovery sanctions motion "would encourage parties to . . . lie in wait until long after discovery is complete only to ambush their unsuspecting adversaries with charges of wrongdoing on the eve of trial") (cleaned up). Amazon's untimely application grossly prejudices Gilimex and should be disallowed.

*        *        *

Gilimex respectfully requests that Amazon's application for a pre-motion conference be denied and that the Court re-set the parties' pre-trial deadlines so that the trial scheduled for July 21 may proceed.

Respectfully Submitted,

Marc E. Kasowitz

cc:    All Counsel of Record

---

[2]    Amazon's authorities on sanctions are inapposite because there is no forgery here.