# GIBSON DUNN

Barry Berke
Partner
T: +1 212.351.3860
bberke@gibsondunn.com

June 18, 2025

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*,
        Case No. 1:23-cv-00292 (S.D.N.Y.)

Dear Judge Schofield:

Amazon's June 9, 2025 letter established by clear and convincing evidence that Gilimex produced fraudulent documents, including through two third-party affidavits attesting that documents purporting to be from them were fabricated.[1] Since that letter, Amazon's evidence has only grown stronger. Attached as Exhibit 1 is the declaration of the President of Yeuell Nameplate & Label ("Yeuell"), the third supplier referenced in our opening letter, confirming that two purchase orders and a demand letter purportedly signed by him were fabricated and his signature was forged.

Gilimex's opposition makes clear that it cannot seriously challenge the evidence of this fraud. Gilimex provides no evidence of the authenticity of the third-party demand letters, claiming only that the letters were in its files. For the fraudulent purchase orders, Gilimex provides misdirection—pointing to emails showing that purchase orders, in some amount, were made, while failing to address the third-party suppliers' testimony that the purchase orders produced in discovery were fraudulent because they contained the wrong quantities and prices. And as to the Blazemax PO, Gilimex fails to provide a single contemporaneous email, electronic document, or internal record proving that the PO is real, and fails to explain why the $69 million liability to Blazemax is nowhere in its securities filings. Instead, Gilimex relies on the bare-bones declaration of ███████████████████—a previously undisclosed individual purportedly with relevant knowledge who Gilimex did not include in its initial disclosures—███████████████ ███████████████████████████.

Gilimex's gambit is to try to forge ahead with trial, hoping that its fraud will be swept under the rug. But Gilimex's abuse of the judicial process requires full briefing and an evidentiary hearing to get to the bottom of its production of undeniably fabricated documents, to understand the full scope of its fraud, and to determine the appropriate sanctions for its misconduct.

---

[1] We respectfully request the Court consider this further submission in light of the serious issue of fraud involved and the additional evidence presented.

**Gibson, Dunn & Crutcher LLP**
200 Park Avenue  |  New York, NY 10166-0193  |  T: 212.351.4000  |  F: 212.351.4035  |  gibsondunn.com

# GIBSON DUNN

I.     **Gilimex's Opposition Confirms the Sub-Supplier Documents Are Fake**

Rather than acknowledge the incontrovertible evidence of fraudulent documents, Gilimex has doubled down, ignoring evidence of fraud that it has no answer to and introducing new misstatements and irrelevant facts to obfuscate its misconduct.

*First*, Amazon has continued to uncover direct evidence of fraudulent purchase orders in Gilimex's production. Tom Barry, the President of Yeuell, has submitted a sworn declaration that purchase orders produced by Gilimex are fraudulent and that his signature was forged on a demand letter. *See* Ex. 1. Three third-party suppliers have now confirmed that documents in Gilimex's production purportedly signed by them are fraudulent. Gilimex's attacks on the credibility of third-party suppliers like Avery Dennison (a public company with 35,000 employees) and Cincinnati-based GIS by falsely claiming that they are "two small companies that appear to be under Amazon's control" (Dkt. 183 at 1) show that Gilimex has no serious response to this evidence.

*Second*, Gilimex's new claim that there is nothing "suspicious []or improper" about copied and pasted signatures and seals (Dkt. 183 at 4) is wholly inconsistent with prior representations about Gilimex's document production. Counsel represented to Amazon that more than 100 sub-supplier documents produced by Gilimex, including the fraudulent documents at issue, have "wet signatures and physical stamps." Dkt. 176-2 at n.1. Now Gilimex concedes that was a false representation. ███████████████████████████████████████████████████████ Ex. 2 at 4.

*Third*, Gilimex's responses to the fraudulent GIS and Avery Dennison documents are misleading and inadequate. Gilimex has no response to the forgery of signatures on the GIS and Avery Dennison demand letters, █████████████████████████████████████████████ ███████████████████████████████████████ Gilimex offers no explanation for its production of indisputably fraudulent letters from sub-suppliers.

Gilimex's evidence regarding the GIS and Avery Dennison purchase orders is also misleading and intended to confuse the Court with misdirection. ███████████████ ████████████████████████████████████████████████████████

Gilimex also misleadingly suggests that Paul Kennell was wrong ███████████ ████████████████████████████████████████████████████████████████

**GIBSON DUNN**



just as stated in Mr. Kennell's declaration. Dkt. 176-4.

**GIBSON DUNN**



As these documents show, Mr. Kennell's declaration is accurate.

Gilimex's efforts to defend the Avery Dennison purchase order fare no better.



# GIBSON DUNN

June 18, 2025<br>Page 5



**GIBSON DUNN**

*Finally*, Amazon will present evidence in its motion that the vast majority of sub-supplier purchase orders produced by Gilimex are either not reflected in Gilimex's inventory records or those records reflect different quantities than appear on the face of the purchase orders.

Gilimex's efforts to obfuscate the truth only further highlight the need for full briefing and an evidentiary hearing on Amazon's sanctions motion.

## II. Gilimex's Opposition Reinforces the Evidence That the Blazemax PO Is Fraudulent

Gilimex's letter likewise confirms the suspect nature of the Blazemax PO. For the first time, Gilimex has acknowledged that its raw materials damages are based on a purported $68 million liability to a company owned by Le Hung's sister-in-law Le Thi Kim Oanh, who is a major shareholder of Gilimex. Ex. 3.

Rather than offer *any contemporaneous emails* supporting the Blazemax PO's existence, Gilimex submitted the declaration ██████████████████████████████████████ *See* Dkt. 183-2.

These documents only reinforce the evidence that the Blazemax PO was fabricated for litigation. Gilimex has still not explained why there are no emails corroborating the existence of the Blazemax PO, even though it is orders of magnitude larger than any other PO issued by Gilimex. Gilimex has not explained why there is no metadata or electronic record of the Blazemax PO, particularly when Gilimex's discovery is replete with evidence of other POs in electronic form. Gilimex has not explained why its securities filings reflect a liability to Blazemax of only $3 million or less. And neither Le Hung ████████████ can explain ████████████ ██████████████████ in 2022 when the electronic versions produced by Gilimex were created in 2023.[2] Dkt. 141 ¶¶ 10-12.

Gilimex's effort to discredit the forensic accounting is again belied by its own contemporaneous documents. ████████████████████████████████████ ██████████████████████████████████ But a review of the inventory reports shows that is not the case. ████████████████████████████████████ ██████████████████████████████████████

---

[2] It is equally unclear why these minutes are in English, since the principals of both companies are native Vietnamese speakers.

[3] ████████████████████████████████████████

**GIBSON DUNN**

*See* Ex. 4.

<sup>4</sup> Ex. 4.

**GIBSON DUNN**



### III.    Full Briefing Is Warranted

Gilimex's claim that Amazon should have discovered and raised its fraud to the Court prior to the eve of trial (Dkt. 183 at 5) is disingenuous and meritless. Amazon has already explained that it was not until trial preparation, and particularly the filing of Le Hung's sworn declaration on May 21, 2025, when counsel for Amazon learned of Gilimex's fabrication of evidence, Dkt. 176 at 2. Amazon can hardly be faulted for falling victim to Gilimex's deception. *Cf. Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (fraud on the court cannot be "condoned" because it was not discovered sooner). Further, Gilimex's attempt to characterize Amazon's contemplated motion as a discovery motion, Dkt. 183 at 5, misses the point and wrongly minimizes the significance of fabricating documents for litigation. This is not about a discovery violation; it's about a fraud on the Court and Amazon. Amazon seeks leave to file a motion for sanctions based on the Court's inherent authority to punish fraud.

*    *    *

For all of these reasons, we respectfully request that the Court order full briefing, and an evidentiary hearing on Amazon's sanctions motion.

Respectfully submitted,

*/s/ Barry H. Berke*
Barry H. Berke
Jordan Estes
Grace E. Hart
Daniel M. Ketani
Andrew LeGrand

cc: All counsel of record (by ECF)