**GIBSON DUNN**

Jordan Estes
Partner
T: +1 212.351.3906
jestes@gibsondunn.com

July 1, 2025

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*,
      Case No. 1:23-cv-00292 (S.D.N.Y.)

Dear Judge Schofield:

We write jointly on behalf of Defendant Amazon.com Services LLC ("Amazon") and Plaintiff Binh Thanh Import Export Production & Trade Joint Stock Co., d/b/a Gilimex, Inc. ("Gilimex") regarding the pre-hearing procedures to be followed in advance of the August 4, 2025 evidentiary hearing (the "August 4 Hearing"). Pursuant to the Court's Order following the June 23, 2025 pre-motion conference, Dkt. 190, the parties have discussed potential pre-hearing procedures and outline below the procedures to which they agree, as well as their respective proposals for the issues about which the parties do not agree.

The parties have reached agreement to jointly propose that the parties will exchange exhibit lists on July 21 and file the exhibit lists with the Court on July 24.

The parties disagree regarding (i) whether witnesses should present direct testimony live or by declaration and (ii) the scope and procedures for pre-hearing supplemental discovery.

<u>Amazon's Position</u>

**Direct Testimony of Witnesses**: The August 4 Hearing concerns whether Gilimex has committed a sprawling fraud on the Court by fabricating documents and falsifying information. Amazon plans to call multiple witnesses to prove the fraud. Under these circumstances where there is a serious issue as to whether a fraud has been committed on the Court, we respectfully submit that there is no adequate substitute for live direct testimony, which will allow the witnesses to explain the full scope of the fraud, fabricated documents, and falsified information for the Court. *See Shah v. Eclipsys Corp.*, 2010 WL 2710618, at *15 (E.D.N.Y. July 7, 2010) ("credibility questions [were] more appropriately resolved via live testimony than through affidavits" where defendant asserted that plaintiff had committed fraud on the court by fabricating an e-mail in support of her claims); *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 30 (2d Cir. 2002) ("Live

**GIBSON DUNN**

July 1, 2025
Page 2

testimony is especially important in a fraud action where the factfinder's evaluation of witnesses' credibility is central to the resolution of the issues."). Amazon has offered to confer with Gilimex on time limits for the direct examinations for witnesses for both sides to keep the presentation of evidence efficient.

The parties have met and conferred, and determined that whether witness testimony will be live or by declaration is a threshold issue that will affect the timing of their exchange of witness lists for the hearing. If the Court proceeds with live direct testimony as requested by Amazon, the parties agree to exchange witness lists on July 18.

**Pre-Hearing Discovery**: The parties agree that pre-hearing discovery should be limited. Amazon has limited its discovery requests to three narrow requests targeted at Plaintiff Gilimex, primarily for documents Gilimex should have already produced in fact discovery. Gilimex, however, has proposed expedited discovery from both Amazon and multiple third parties regarding unspecified and unlimited topics.

Amazon requests that the Court order Gilimex to provide the following three narrow and targeted categories of discovery ahead of the August 4 Hearing by July 16:

1. Gilimex's disclosure of the current address of raw materials that are allegedly being stored by Blaze Max Hong Kong Limited ("Blazemax"), Dkt. 183-3 ¶ 8, and Gilimex's permission for an Amazon representative or a third-party mutually agreed to by the parties to inspect the raw materials.

2. Gilimex's production of all documents and communications under its or Le Hung's control relating to the November 18, 2021 Blazemax purchase order (GILM00282131), including but not limited to any documents or communications relating to Gilimex's failure to produce the Blazemax purchase order during fact discovery in response to RFP 35.

3. Gilimex's production of the following Blazemax purchase orders and any documents or communications related thereto: 0130921-BML-BT, 0140921-BML-BT, 0151121-BML-BT, 0010322-BML-BT, 0030522-BML-BT, and 0040722-BML-BT.

Each of these requests has been narrowly tailored to seek documents or information directly relevant to the subject of the August 4 Hearing: whether the $69 million Blazemax purchase order and other Gilimex documents were fabricated. Request 1 will provide confirmation of whether the raw materials Gilimex claims it is liable for purchasing actually exist. Request 2 seeks only documents relating to the Blazemax purchase order that Gilimex should have but did not produce in fact discovery, including in response to Request for Production 35 for all documents supporting Gilimex's raw materials damages claim. Request 3 seeks only additional Gilimex orders to Blazemax during the relevant period, reflected in Gilimex's document production, when Gilimex and Blazemax were supposedly in a dispute about undelivered raw materials.

Gilimex has not objected to any of these specific, narrow and reasonable requests, though it has represented it has not yet had sufficient time to consult with its client regarding the requests.

**GIBSON DUNN**

Instead of identifying what categories of discovery it will seek, Gilimex has asked the Court to permit it to serve unspecified document requests, including on both Amazon and third parties, and order a truncated discovery schedule encompassing discovery objections, collections, and productions in *less than two weeks*. Amazon is willing to meet and confer with Gilimex regarding any specific, relevant requests for documents to Amazon, but Gilimex has declined to make any such requests in advance of this letter. Amazon objects to any discovery requests on third-party fraud victims, because Gilimex should already be in possession of all relevant communications regarding its own purchase orders with those third parties, and it would be unnecessarily burdensome to impose additional requirements on those third-party vendor victims. However, Amazon will produce documents shared with it by the third-party vendors relating to the subject of the August 4 Hearing, and Gilimex will have an opportunity to examine those third parties in court.

**Gilimex's Position**

Amazon attempts to transform a joint submission on "pre-hearing procedure[s]" (Dkt. 190) into substantive briefing on the propriety of Gilimex's forthcoming pre-hearing document requests on the very parties accusing Gilimex of fabricating documents and Amazon's own discovery requests—propounded only yesterday—which, among other things, ironically seek discovery from third parties. Amazon's argument is premature, and in any event, meritless. Contrary to Amazon's contention that Gilimex seeks discovery into "unspecified and unlimited topics," Gilimex explained that any third-party document requests will be narrowly tailored to the issues underlying the evidentiary hearing—the allegedly inauthentic documents, other accusations in the third-party Amazon vendors' respective declarations, and the circumstances surrounding said declarations. Gilimex respectfully submits that its proposal provides ample time for this limited discovery because, among other things, these third parties have presumably already searched for responsive documents before voluntarily entering this Court accusing Gilimex of fraud. Amazon would deny Gilimex the opportunity to take discovery of its accusers, while seeking the extreme sanction of dismissal. Gilimex's anticipated discovery requests are not only appropriate but necessary to comport with due process and fairness.

Whereas Gilimex's proposal below would permit both parties the opportunity to take limited necessary discovery, Amazon's proposal is an ambush. Consistent with Your Honor's order, the instant submission is intended to address "pre-hearing procedure," including on "any pre-hearing discovery" (Dkt. 190), not the substance of any such discovery requests. Instead, Amazon seeks a Court order directing Gilimex to produce documents and "disclos[e]" the address of and "permi[t]" physical inspection of raw materials stored overseas by foreign third parties indisputably not within Gilimex's control. For the avoidance of doubt, while Gilimex is willing to agree to provide certain limited discovery, including attempting to facilitate discovery from third parties, it has been unable to provide a substantive response to requests Amazon propounded only yesterday.

**GIBSON DUNN**

July 1, 2025
Page 4

Moreover, as to the procedure for direct testimony at the hearing itself, Amazon proposes that all witnesses testify live and in-person.[1] As discussed with Amazon, while Gilimex is amenable to live testimony—as opposed to direct testimony-by-declaration—for efficiency's sake and to complete the evidentiary hearing within the afternoon of August 4 as provided by the Court, Gilimex proposes that direct testimony be submitted by declaration. Neither party has yet to determine how many witnesses it will call. Amazon submitted as part of its letter motion five witness declarations and represented earlier today that it plans to call "a number of witnesses," potentially including witnesses in addition to those that previously submitted declarations. Gilimex anticipates calling between one and three witnesses (including witnesses that will testify through an interpreter); however, that number may increase depending on what witnesses Amazon calls. Based on the number of potential witnesses and that the hearing will be before Your Honor, not a jury, Gilimex believes direct testimony by declaration is appropriate and efficient.[2] Should the Court prefer live testimony, Gilimex submits that such live testimony should be cabined through appropriate and agreed-upon time constraints.

In light of the foregoing, Gilimex proposes the following deadlines, several of which Amazon agrees to (as noted above):

| Deadline | Dates |
| --- | --- |
| Parties propound document requests[3] | July 7 |
| Parties exchange responses and objections to document requests | July 11 |
| Parties exchange document productions | July 16 |
| Parties exchange exhibit lists and witness lists with summary of direct testimony | July 21 |
| Parties file and serve witness lists, direct testimony declarations, and exhibit lists | July 24 |

Gilimex respectfully submits that its proposed timeline and procedures provide the parties with sufficient time to conduct discovery, while efficiently addressing the concerns raised by the Court at the June 23 telephonic conference.

---

[1] Given the potential for international third-party witnesses' testimony, Gilimex respectfully requests the Court consider the possibility of remote testimony as necessary and appropriate.

[2] Amazon's cited authorities are inapposite. *Shah v. Eclipsys Corp.*, 2010 WL 2710618, at *15 (E.D.N.Y. July 7, 2010), addressed whether to hold an evidentiary hearing with live witnesses or rely exclusively on affidavits and deposition testimony. *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21 (2d Cir. 2002), dealt with the potential for live testimony at a jury trial—concerning express claims of fraud—in the context of a *forum non conveniens* analysis.

[3] Gilimex reserves the right to propound additional discovery to the extent that Amazon's disclosures reveal an intent to call witnesses or probe topics beyond those already briefed in its letter motion (Dkt. 176) and reply thereto (Dkt. 185). Similarly, as the non-movant, Gilimex reserves the right to amend its witness list after reviewing Amazon's witness list.

**GIBSON DUNN**

July 1, 2025
Page 5

Respectfully submitted,

By: */s/ Edward E. Filusch*  
   Marc E. Kasowitz  
   Edward E. Filusch  
   KASOWITZ LLP  
   1633 Broadway  
   New York, New York 10019  
   Tel.: (212) 506-1700  
   Fax: (212) 506-1800  
   mkasowitz@kasowitz.com  
   efilusch@kasowitz.com  

   *Attorneys for Plaintiff Gilimex*

By: */s/ Jordan Estes*  
   Barry H. Berke  
   Jordan Estes  
   Grace E. Hart  
   Daniel M. Ketani  
   GIBSON, DUNN & CRUTCHER LLP  
   200 Park Avenue  
   New York, NY 10166  
   Tel.: (212) 351-4000  
   bberke@gibsondunn.com  
   jestes@gibsondunn.com  
   ghart@gibsondunn.com  
   dketani@gibsondunn.com  

   Andrew LeGrand (admitted *pro hac vice*)  
   GIBSON, DUNN & CRUTCHER LLP  
   2001 Ross Avenue  
   Ste 2100  
   Dallas, TX 75201  
   Tel.: (214) 698-3100  
   alegrand@gibsondunn.com  

   *Attorneys for Defendant Amazon*

cc: All counsel of record (by ECF)