# KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKasowitz@kasowitz.com

July 18, 2025

**CONFIDENTIAL**

**VIA EMAIL**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:**   ***Binh Thanh Import Export Prod. & Trade Joint Stock Co. ("Gilimex") v. Amazon.com Servs. LLC ("Amazon")**, No. 1:23-cv-00292-LGS (S.D.N.Y.)*

Dear Judge Schofield:

We represent Gilimex in the above action.  I am writing pursuant to Rules I.B.1[1] and I.B.5 of Your Honor's Individual Rules to advise the Court of important developments concerning Amazon's allegations that Gilimex has fabricated documents to defraud Amazon and the Court, and to request a conference to discuss the impact of these developments on the timing and scope of the August 4, 2025 evidentiary hearing.

The scheduled evidentiary hearing concerns Amazon's allegation that Gilimex fabricated documents to defraud Amazon and the Court.  These documents fall into two categories: (1) purchase orders and demand letters relating to three label makers—Avery Dennison, Graphic Information Systems, and Yeuell Nameplate & Label—that Amazon contends are fabricated based on affidavits from the label makers (together, the "Label Maker Documents"); and (2) a November 2021 purchase order between Gilimex and Blazemax (the "Blazemax PO").

In response to Amazon's allegations, Gilimex, together with Kasowitz and other professionals, has, among other things, undertaken an internal investigation concerning the facts and circumstances surrounding the creation and production of the allegedly inauthentic documents.

---

[1]    Given the sensitive nature of the information contained herein relating to a fraud on Gilimex unrelated to the claims in this case, Gilimex respectfully requests that this letter be treated as confidential. *See, e.g.*, *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012) ("The prevention of potential fraud constitutes a competing consideration often sufficient to rebut the presumption of access.").  Should Your Honor order this letter be filed, Gilimex will do so promptly with redactions and a letter motion to seal.

# KASOWITZ LLP

**CONFIDENTIAL**
Hon. Lorna G. Schofield
July 18, 2025
Page 2

Upon learning of that investigation, which remains ongoing, a Gilimex employee came forward and admitted to engaging in a scheme to defraud Gilimex in an attempt to personally enrich himself.  That fraud is unrelated to Amazon or the claims in this case.

According to the employee, in 2022, he implemented a plan to trick Gilimex into paying fabricated purchase orders to himself instead of making payments to certain suppliers.  As part of that scheme, the employee surreptitiously placed hard copies of documents he fabricated in Gilimex's files to make it appear that Gilimex had outstanding liabilities to certain suppliers.[2] The employee then planned to send Gilimex follow up emails, under the guise of the suppliers, containing "new" wire transfer information for the suppliers that would actually be tied to accounts he planned to create so that the payments would go to himself instead of a bona fide supplier. Ultimately, the employee abandoned the scheme before following through with creating the fraudulent bank accounts or sending demand emails to Gilimex for payment.[3]

Unknowingly, some of the documents that the employee fabricated and secretly placed in Gilimex's files were produced by Gilimex during discovery, including the Label Maker Documents.[4]  Until this employee came forward, Gilimex believed that these hard copy documents were authentic.  As such, Gilimex is not the perpetrator of a fraud as Amazon claims—Gilimex (not Amazon) is the sole victim of an attempted fraud by its employee.[5]

With respect to the other category of allegedly fraudulent documents—the Blazemax PO—Gilimex's investigation has confirmed that the employee's fabrication did not include the Blazemax PO or any related meeting minutes.  Nor could it have.  The principals of both Gilimex and Blazemax have submitted sworn declarations demonstrating their legitimacy (Dkt. 183-2; Dkt. 183-3).  Amazon's allegation that the Blazemax PO is inauthentic is not based on any evidence, but instead rests on Amazon's unsupported speculative attacks on the credibility of the

---

[2]     Of note, the employee's scheme did not only target suppliers related to Amazon, but certain of Gilimex's few remaining non-Amazon customers as well.

[3]     Gilimex continues to investigate the scope of this fraud and, to date, does not believe that the employee converted any Gilimex funds.

[4]     As Gilimex has explained (Dkt. 183 at 4–5; Dkt. 187 at 2), none of the Label Maker Documents are part of Gilimex's damages case, nor do they appear on Gilimex's exhibit list for trial.

[5]     As the victim of a fraud, Gilimex did not commit—and could not have committed—a fraud on Amazon or the Court simply by producing documents that it believed at the time were authentic.  *See Morgan, Olmstead, Kennedy & Gardner, Inc. v. Schipa*, 585 F. Supp. 245, 249 (S.D.N.Y. 1984) ("The very ignorance which renders the victim vulnerable to the fraud also deprives him of the necessary *mens rea* to be a conspirator."); *see also Mazzei v. The Money Store*, 62 F.4th 88, 95 (2d Cir. 2023) (affirming lack of fraud on the court in the absence of allegations that non-movants "had any reason to know that their statements about the [information at issue] were false, that their reliance on [third-party's] representations was unreasonable, or that their failure to investigate [third party's] representations was anything more than mere negligence").

KASOWITZ LLP

**CONFIDENTIAL**
Hon. Lorna G. Schofield
July 18, 2025
Page 3

declarants.    Indeed, Amazon itself admits that it cannot "confirm" the purchase order's "inauthenticity."  Dkt. 176 at 3.

Amazon's argument concerning the Blazemax PO boils down to the contention that since Gilimex fabricated the Label Maker Documents, it must have fabricated the Blazemax PO as well, via collusion between Gilimex's Chairman and his sister-in-law, who is a Director of Blazemax. But the factual predicate for that argument—that Gilimex fabricated documents that populate its files—is false.  Gilimex instead is a victim of such false documents created by its employee to defraud Gilimex.

We sent Amazon's counsel a letter on July 16, 2025 disclosing the above information. The parties then held a meet and confer on July 17, 2025.  At the meet and confer, we advised Amazon's counsel that we would be informing the Court of these developments and seeking the Court's guidance as to their impact on the hearing.  Among other things, we informed Amazon's counsel that we would not need to seek testimony from the label makers.  We also offered to share with Amazon details concerning the employee who engaged in the scheme to defraud Gilimex. Further, we proposed that inasmuch as the Label Maker Documents are not evidence of any fraud on Amazon, the label makers, or the Court, there is no predicate evidence from which to infer that other documents, such as the Blazemax PO, are anything but genuine.

Accordingly, we respectfully request a conference at the Court's earliest convenience to discuss these developments and their impact on the timing and scope of the evidentiary hearing, including whether any testimony beyond that of the Gilimex employee is necessary.[6]  With respect to timing, we request to commence the hearing on August 4 or another convenient date early in the morning so that the employee—who lacks a visa authorizing his travel to the United States, and who we will ask to testify from Vietnam, which is eleven hours ahead—can testify at a reasonable time.

Respectfully,

Marc E. Kasowitz

cc:    Counsel of Record

---

[6]    At a minimum, the testimony of the label maker declarants is not necessary given that there is no factual dispute regarding the authenticity of the Label Maker Documents.