# KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKASOWITZ@kasowitz.com

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

August 7, 2025

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    ***Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC***, No. 1:23-cv-00292-LGS

Dear Judge Schofield:

    We represent Plaintiff Gilimex in the above-referenced action. Pursuant to Your Honor's Individual Rule I.D.3[1], we respectfully submit this letter regarding Gilimex's concurrent filing of the August 7, 2025 letter (the "Letter") requesting that the courtroom be sealed during all or portions of the upcoming August 12, 2025 evidentiary hearing (the "Hearing"), and which contains references to information that Gilimex has previously moved to maintain under seal, including through its July 22, 2025 letter motion (Dkt. 201).

    Gilimex respectfully moves the Court to seal certain narrowly tailored portions of the Letter due to the highly sensitive nature of its contents. The unsealed filing would give insight into competitively sensitive information about Gilimex's operations that could be exploited to the company's detriment. Indeed, courts have recognized that the rationale for Gilimex's request for sealing "constitutes a competing consideration often sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012); *see also Cantinieri v. Versick Analytics, Inc.*, 2024 WL 759317, at *3-4 (E.D.N.Y. Feb. 23, 2024) (granting motion to seal on similar grounds). Although the presumption of public access attaches to judicial documents, that presumption may be overcome by showing that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) (finding "that the limited

---

[1]     Pursuant to the Court's rules, filed contemporaneously herewith are a proposed redacted copy, and an unredacted copy with the proposed redactions highlighted, of the Letter.

KASOWITZ LLP

**CONFIDENTIAL**
Hon. Lorna G. Schofield
August 7, 2025
Page 2

redactions proposed by the Defendants and the affected third-parties . . . overcome the presumption for public disclosure for the parties and the affected third-parties") (citation omitted).[2]

Moreover, courts favor redaction—as sought by Gilimex—over wholesale sealing as a means to balance the public's right of access with privacy or confidentiality concerns. *See*, *e.g.*, *Olson v. Major League Baseball* 29 F.4th 59, 93 (2d Cir. 2022) ("[C]onducting this balancing and exercising its discretion, a district court should consider its ability to use redactions that do not unduly interfere with the public's right to access judicial documents in order to address privacy concerns.").

The harm that could result from public disclosure of the redacted portions of the Letter outweighs any presumption of public access. Accordingly, Gilimex respectfully requests that the Court maintain the limited and narrowly tailored portions of the Letter under seal. *See*, *e.g.*, *Cantinieri*, 2024 WL 759317, at *3; *Dollar Phone Corp.*, 2012 WL 13195012, at *1.

Respectfully,

Marc E. Kasowitz

---

[2] Additional details regarding the nature of the sensitive information Gilimex seeks to maintain under seal is contained in the Letter itself as well as Gilimex's letter dated July 18, 2025 (Dkt. 206). *See EFT Servs., LLC v. I-POS Sys. LLC*, 2025 WL 1752144, at *4–5 (S.D.N.Y. June 25, 2025).

KASOWITZ LLP

**<u>CONFIDENTIAL</u>**
Hon. Lorna G. Schofield
August 7, 2025
Page 3

## Appendix

Pursuant to Your Honor's Individual Rule I.D.3, included below is a list of all parties and attorneys of record who should have access to the sealed documents:

| KASOWITZ LLP | GIBSON DUNN & CRUTCHER LLP |
|---|---|
| Marc E. Kasowitz<br>Edward E. Filusch<br>Daniel J. Koevary<br>Sondra D. Grigsby<br>Michael C. Pecorini<br>1633 Broadway<br>New York, NY 10019<br>Tel.: (212) 506-1700<br>mkasowitz@kasowitz.com<br>efilusch@kasowitz.com<br>dkoevary@kasowitz.com<br>sgrigsby@kasowitz.com<br>mpecorini@kasowitz.com<br><br>ThucMinh Nguyen (admitted pro hac vice)<br>101 California Street,<br>Suite 3950<br>San Francisco, CA 94111<br>Tel.: (650) 453-5420<br>tnguyen@kasowitz.com | Barry H. Berke<br>Jordan Estes<br>Grace E. Hart<br>Daniel M. Ketani<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (212) 351-4000<br>bberke@gibsondunn.com<br>jestes@gibsondunn.com<br>ghart@gibsondunn.com<br>dketani@gibsondunn.com<br><br>Andrew LeGrand (admitted pro hac vice)<br>2001 Ross Avenue<br>Suite 2100<br>Dallas, TX 75201<br>Tel.: (214) 698-3100<br>alegrand@gibsondunn.com |

BAUGHMAN KROUP BOSSE PLLC

Andrew Bosse
One Liberty Plaza
Floor 46
New York, NY 10006
abosse@BKBfirm.com