# KASOWITZ LLP

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKASOWITZ@KASOWITZ.COM

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

August 7, 2025

**CONFIDENTIAL**

<u>**VIA ECF**</u>
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    ***Binh Thanh Import Export Prod. & Trade Joint Stock Co. ("Gilimex") v. Amazon.com Servs. LLC***, No. 1:23-cv-00292-LGS

Dear Judge Schofield:

      We represent Gilimex in the above-referenced action. We write to respectfully request that the courtroom be sealed during all or portions of the testimony of Gilimex's witnesses at the upcoming August 12, 2025 evidentiary hearing to prevent the public disclosure of sensitive information concerning Gilimex's business practices that could be used to harm Gilimex. ████████████████████████████████████████████████████████████████████████████████████████████ Preventing public disclosure of such information overcomes the public's interest in access to court proceedings.

      Although there is a presumption of public access to judicial proceedings, the court must "balance competing considerations against it." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). The Second Circuit has also explained that the weight to be afforded the presumption generally "fall[s] somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* at 119 (citation modified). For example, the weight of the presumption is "especially strong" with regard to the "right of access to evidence introduced in trials." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). On the other end of the spectrum, documents exchanged between the parties in discovery "lie entirely beyond the presumption's reach." *Id.* at 1050. Because the instant matter relates to an evidentiary hearing relating to the parties' requests for sanctions and to "insure the[] irrelevance" of the materials at issue, the weight of the presumption of public access is diminished.

KASOWITZ LLP

**CONFIDENTIAL**
Hon. Lorna G. Schofield
August 7, 2025
Page 2

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████ [1]

███████████████████████████████████████████
██████████████████████████████   Accordingly, Gilimex requests that the courtroom be sealed during the duration of Mr. Luong and its other witnesses' testimony or, at a minimum, during the duration of Mr. Luong's testimony and portions of the other witnesses' testimony ██████████████████████.[2] *See Lynch v. Southampton Animal Shelter Found., Inc.*, 2012 WL 13109966, at *3 (E.D.N.Y. July 10, 2012) (permitting closing of courtroom during portions of evidentiary hearing).

Respectfully,

*[signature]*

Marc E. Kasowitz

---

[1] While both *Dollar Phone Corp.* and *Cantinieri* address the sealing of documents rather than courtroom proceedings, the Second Circuit has recognized that the principles governing public access are analogous in both contexts. *See Std. Inv. Chtd., Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 Fed. Appx. 615, 616–17 (2d Cir. 2009) (noting that the Second Circuit has "analogiz[ed] [sealing of documents] to the courtroom closure context").

[2] Gilimex does not anticipate that Amazon will present evidence ██████████████████████. To the extent it does, however, Gilimex would request that the courtroom be sealed for the duration of the presentation of any such evidence.