# KASOWITZ LLP

Marc E. Kasowitz
Direct Dial: (212) 506-1710
Direct Fax: (212) 835-5010
MKasowitz@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

August 7, 2025

**CONFIDENTIAL**

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: ***Binh Thanh Import Export Prod. & Trade Joint Stock Co. ("Gilimex") v. Amazon.com Servs. LLC***, No. 1:23-cv-00292-LGS

Dear Judge Schofield:

  We represent Gilimex in the above-referenced action. We write to respectfully request that the courtroom be sealed during all or portions of the testimony of Gilimex's witnesses at the upcoming August 12, 2025 evidentiary hearing to prevent the public disclosure of sensitive information concerning Gilimex's business practices that could be used to harm Gilimex. Specifically, at the hearing Gilimex will present evidence concerning an attempt by a Gilimex employee to perpetrate a fraud on Gilimex that, if made public, could provide a roadmap for others to attempt similar frauds against Gilimex. Preventing public disclosure of such information overcomes the public's interest in access to court proceedings.

  Although there is a presumption of public access to judicial proceedings, the court must "balance competing considerations against it." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). The Second Circuit has also explained that the weight to be afforded the presumption generally "fall[s] somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* at 119 (citation modified). For example, the weight of the presumption is "especially strong" with regard to the "right of access to evidence introduced in trials." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). On the other end of the spectrum, documents exchanged between the parties in discovery "lie entirely beyond the presumption's reach." *Id.* at 1050. Because the instant matter relates to an evidentiary hearing relating to the parties' requests for sanctions and to "insure the[] irrelevance" of the materials at issue, the weight of the presumption of public access is diminished.

KASOWITZ LLP

**CONFIDENTIAL**
Hon. Lorna G. Schofield
August 7, 2025
Page 2

Gilimex will present evidence at the hearing that one of its employees, Tien Luong, attempted to defraud Gilimex by exploiting its custom and practice of maintaining many of its records—including purchase orders with its suppliers—in hard copy. As set forth in Gilimex's July 18, 2025 letter to the Court (Dkt. 206), Mr. Luong fabricated documents and secretly placed hard copies of them in Gilimex's files as part of a scheme, which he later abandoned, to trick Gilimex into paying Mr. Luong money Gilimex ostensibly owed to suppliers. Gilimex did not detect this fraud until, following its hiring of an outside investigations firm in July 2025 to investigate Amazon's fraud allegations, Mr. Luong came forward. Public disclosure of the details of this scheme and information regarding Gilimex's internal vulnerabilities could give others a roadmap to replicate or adapt similar fraudulent schemes in the future. As other courts have held, protecting a party from harm through potential fraud overcomes the presumption of access. *See Cantinieri v. Versick Analytics, Inc.*, 2024 WL 759317, at *3–4 (E.D.N.Y. Feb. 23, 2024) (granting motion to seal because public disclosure of evidence could enable "potential offenders" to defraud party); *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2–3 (E.D.N.Y. May 10, 2012) (same).[1]

Gilimex will present evidence of Mr. Luong's attempted fraud against Gilimex through Mr. Luong himself. Gilimex also expects that its other witnesses will testify about Mr. Luong's attempted fraud during direct and cross-examinations. Accordingly, Gilimex requests that the courtroom be sealed during the duration of Mr. Luong and its other witnesses' testimony or, at a minimum, during the duration of Mr. Luong's testimony and portions of the other witnesses' testimony relating to Mr. Luong's scheme.[2] *See Lynch v. Southampton Animal Shelter Found., Inc.*, 2012 WL 13109966, at *3 (E.D.N.Y. July 10, 2012) (permitting closing of courtroom during portions of evidentiary hearing).

Respectfully,

Marc E. Kasowitz

---

[1] While both *Dollar Phone Corp.* and *Cantinieri* address the sealing of documents rather than courtroom proceedings, the Second Circuit has recognized that the principles governing public access are analogous in both contexts. *See Std. Inv. Chtd., Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 Fed. Appx. 615, 616–17 (2d Cir. 2009) (noting that the Second Circuit has "analogiz[ed] [sealing of documents] to the courtroom closure context").

[2] Gilimex does not anticipate that Amazon will present evidence relating to Mr. Luong's fraud. To the extent it does, however, Gilimex would request that the courtroom be sealed for the duration of the presentation of any such evidence.