**GIBSON DUNN**

Jordan Estes
Partner
T: +1 212.351.3906
jestes@gibsondunn.com

August 8, 2025

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*,
      Case No. 1:23-cv-00292 (S.D.N.Y.)

Dear Judge Schofield:

We represent Defendant Amazon.com Services LLC ("Amazon") in the above-referenced action and write in opposition to Plaintiff Gilimex's letter motion to seal Your Honor's courtroom during some or all of the testimony of Gilimex's witnesses at the August 12, 2025 evidentiary hearing on fraud and sanctions. *See* Dkts. 237–38. Gilimex's application appears to be a thinly veiled attempt to prevent public disclosure of the evidence of its ongoing fraud on the Court. Because there is no legal or factual basis for its request to seal the courtroom, Amazon respectfully requests that the Court deny its letter motion in its entirety.

As the Second Circuit has explained, "[t]he First Amendment affords the public a qualified right of access to a wide array of judicial proceedings in . . . civil matters." *In re Demetriades*, 58 F.4th 37, 47 (2d Cir. 2023); *see also N.Y. C.L. Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012) (recognizing the First Amendment right to access "civil trials and . . . their related proceedings and records," as well as "non-trial civil proceedings"). And importantly, "the power to close a courtroom where proceedings are being conducted . . . **is one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances, and for very clear and apparent reasons**." *In re Demetriades*, 58 F.4th at 47 (emphasis added) (alteration in original) (citation omitted). For that reason, even in criminal fraud cases where the victim is a business, courts regularly—and rightly—keep any proceedings open to the public.

Gilimex's primary assertion is that the Court should grant its application because "[p]ublic disclosure of the details of [Tien Luong's alleged] scheme and information regarding Gilimex's internal vulnerabilities could give others a roadmap to replicate or adapt similar fraudulent schemes in the future." Dkt. 238 at 2. But Gilimex's story is not that Tien Luong exploited some vulnerabilities and successfully defrauded Gilimex out of money. Instead, Gilimex claims only that he faked some documents, left them in a hard copy file, and gave up on the supposed fraud. It strains credulity that any such testimony could hurt Gilimex's business.

**GIBSON DUNN**

August 8, 2025
Page 2

  Gilimex also fails to cite any authority for the proposition that the Court should deny the public its First Amendment right to access the upcoming evidentiary hearing.  At most it cites two cases that it, puzzlingly, also seeks to seal, notwithstanding the fact that it has recycled them from multiple prior, *public* sealing requests:  *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *1 (E.D.N.Y. May 10, 2012) and *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *1 (E.D.N.Y. Feb. 23, 2024).  *See* Dkts. 201, 219, 236.

  As Gilimex concedes, both of the cited cases involve the sealing of internal *documents*— not entire courtrooms, *see Dollar Phone Corp.*, 2012 WL 13195012, at *2; *Cantinieri*, 2024 WL 759317, at *1.[1]  And in any event, they are inapposite.  As relevant here, the court in *Dollar Phone Corp.* permitted the defendant to file certain of its internal guidelines under seal because "the potential harm [from public disclosure] to [the defendant] and the customers who rely on the soundness of its credit ratings [was] great[,] as companies could use the guidelines to create fraudulent trade references to inflate their credit scores."  2012 WL 13195012, at *2.  Similarly, in *Cantinieri*, the court allowed the defendants to file under seal documents relating to their "anti-fraud practices and procedures for protecting [personally identifiable information,]" but only because doing so "protect[ed] the integrity and efficacy of [the defendants'] anti-fraud practices and protect[ed] clients from future data breaches."  2024 WL 759317, at *3 (quotation marks omitted).  Even a cursory review of the information Gilimex seeks to keep from the public reveals that *Dollar Phone Corp.* and *Cantinieri* are far afield from the facts animating Gilimex's motion.

  For these reasons, we respectfully submit that the Court should deny Gilimex's motion.

                    Respectfully submitted,

                    */s/ Jordan Estes*
                    Barry H. Berke
                    Jordan Estes

cc: All counsel of record (by ECF)

---

[1] Gilimex's citation to a nonprecedential summary order in an attempt to bolster its application is unpersuasive.  *See* Dkt. 238 at 2 n.1.  Far from supporting the notion that requests to seal documents are analogous to requests to seal court proceedings, the panel in *Standard Investment Chartered Inc. v. FINRA* simply pointed out that, in setting forth the applicable test for sealing judicial documents, the Second Circuit had previously relied on authority that arose in "the courtroom closure context."  347 F. App'x 615, 616–17 (2d Cir. 2009) (summary order) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).