```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BINH THANH IMPORT EXPORT                    :
PRODUCTION & TRADE JOINT CO., D/B/A         :
GILIMEX, INC.,                              :
                                            :
                        Plaintiff,          :
                                            :    23 Civ. 292 (LGS)
            -against-                       :
                                            :        ORDER
                                            :
AMAZON.COM SERVICES LLC, D/B/A              :
AMAZON ROBOTICS,                            :
                        Defendant.          :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the parties have filed motions to seal at Dkt. Nos. 174, 181, 184, 201 and 202. All motions pertain to documents filed in connection with Amazon's Letter Motion on Fraud and Sanctions (the "Motion for Sanctions"), which accuses Gilimex of fraud. For the reasons below, the motions to seal are denied in part and granted in part.

**Background**

WHEREAS, on June 9, 2025, Amazon moved to seal various exhibits to Dkt. No. 176 that Gilimex had produced in discovery and designated as confidential. These included alleged demand letters and purchase orders from various Gilimex sub-suppliers (Dkt. Nos. 176-3A, 176-3C, 176-4A, 176-4C, 176-4E) and an email chain between Gilimex and Amazon (Dkt. No. 176-7). Amazon "takes no position" as to whether the documents should be sealed, and Gilimex did not file any response in support of sealing the exhibits.

WHEREAS, on June 17, 2025, Gilimex moved to seal various exhibits to Dkt. No. 183, including three non-attorney declarations and their related exhibits, in opposition to Amazon's Motion for Sanctions (Dkt. Nos. 183-2, 183-3, 183-4), the portions of Gilimex's opposition letter referencing or summarizing the documents (*see* Dkt. No. 183) and an exhibit that Amazon had

designated as confidential (Dkt. No. 181-1A). Amazon opposed the motion to seal, except regarding Dkt. No. 181-1A, to which Amazon proffered a limited redaction.

WHEREAS, on June 18, 2025, Amazon moved to seal various exhibits to Dkt. No. 185 filed in support of Amazon's Motion for Sanctions reply. The exhibits in question reflect or contain excerpts of documents that Gilimex had previously filed under seal or had designated as confidential, including additional purchase orders to Gilimex sub-suppliers (Dkt. Nos. 185-1A, 185-1B), a sub-supplier demand letter (Dkt. No. 185-1C), a list of Gilimex-owned subsidiaries (Dkt. No. 185-2) and a Gilimex March 2022 inventory report (Dkt. No. 185-4). Amazon takes "no position" as to whether these exhibits should remain under seal and has moved to seal them only in an "abundance of caution . . . ." Gilimex filed a letter in support of Amazon's motion to seal, requesting that the Court maintain the documents under seal.

WHEREAS, on July 22, 2025, Gilimex moved to seal portions of its July 18, 2025, letter to the Court on the timing and scope of the evidentiary hearing on Amazon's Motion for Sanctions, located at Dkt. No. 206. Amazon filed a letter in opposition to Gilimex's motion to seal, arguing that Gilimex had not met its burden to seal the requested portions of the letter.

WHEREAS, on July 22, 2025, Amazon moved to seal, "on a provisional basis," limited portions of its July 20, 2025, letter filed at Dkt. No. 205 in response to Gilimex's July 18, 2025, letter. After conferring with Gilimex, Amazon filed this motion "to allow Gilimex to move to seal the July 18 Letter and the corresponding portions of the July 20 Response." Amazon reserved the right to oppose any such motion. Gilimex filed a response in support of Amazon's motion to seal and requested that the Court maintain the seal. Amazon filed an opposition.

**Applicable Law**

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, for the first step of the inquiry, documents submitted to a court to consider a dispositive motion are, as a matter of law, judicial documents to which a strong presumption of public access attaches. *See Brown v. Maxwell*, 929 F.3d 41, 47, 50 (2d Cir. 2019); *Pall Corp. v. 3M Purification Inc.*, 764 F. Supp. 2d 478, 479 (E.D.N.Y. 2011) ("Where the information gained during discovery is offered in support of or opposition to a dispositive motion though, a qualified

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

3

right of public access exists."). The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch*, 435 F.3d at 120. "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, the party moving to place documents under seal bears the burden of showing that higher values overcome the presumption of public access. *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *New York City Transit Auth. v. Westfield Fulton Ctr. LLC*, No. 24 CIV. 1123, 2025 WL 429714, at *1 (S.D.N.Y. Feb. 6, 2025). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, and the confidentiality of sensitive commercial information, *see Syntel*, 2021 WL 1541385, at *3.

**Discussion**

WHEREAS, all documents at issue are judicial documents. They are declarations, exhibits and letters to the Court filed in support of, or in opposition to, Defendant's Motion for Sanctions, which seeks dismissal of this case. These documents carry a strong presumption of public access, which is rebuttable only with specific, on-the-record findings that closure is essential to preserve higher values. *See Brown*, 929 F.3d at 47, 50; *Pall Corp.*, 764 F. Supp. 2d at 479; *Lugosch*, 435 F.3d at 120. Each of the five sealing motions has been evaluated to

determine if it can overcome the rebuttable presumption of public access.  For the reasons below, the motions to seal are denied in part and granted in part.

WHEREAS, first, Defendant moved at Dkt. No. 174 to seal alleged demand letters and purchase orders from various Gilimex sub-suppliers (Dkt. Nos. 176-3A, 176-3C, 176-4A, 176-4C, 176-4E) and an email chain between Gilimex and Amazon discussing Gilimex's "2023 Season Forecast" (Dkt. No. 176-7).  All documents were filed in support of Amazon's Motion for Sanctions.  Defendant filed the exhibits under seal "pursuant to the February 21, 2023 Stipulation and Confidentiality Order" to provide Plaintiff an opportunity to designate any documents that should remain sealed, as Plaintiff had previously designated the documents "Confidential."  Defendant "takes no position as to whether any of [this] information should remain under seal."  Plaintiff did not designate any documents, or otherwise file a response.  The mere fact that a document was marked "confidential" during discovery does not establish that sealing is required.  *See Lugosch*, 435 F.3d at 126; *accord Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019).  "To the extent a party's justification for sealing is based on a confidentiality order, the party has not met its burden."  *Syntel*, 2021 WL 1541385, at *2.  Defendant's motion at Dkt. No. 174 is denied.

WHEREAS, second, Plaintiff moved at Dkt. No. 181, in part, to seal certain documents that Plaintiff filed in opposition to Amazon's Motion for Sanctions and references or summaries of these documents in Plaintiff's opposition.  *See* Dkt. No. 183.  The documents at issue include three non-attorney declarations and their related exhibits (Dkt. Nos. 183-2, 183-3, 183-4).  Plaintiff argued that these documents and references should be sealed because they "contain confidential, commercially sensitive information, references to third-party personal relationships, and expressions of concern/fear reflecting potential reprisal by Amazon . . . [and the] harm that

could result from public disclosure outweighs any presumption of public access." This vague, unspecified and conclusory argument does not satisfy the movant's burden to rebut the strong presumption of public access. Moreover, Gilimex's argument that publicly disclosing a sub-supplier's declaration, which offers facts adverse to Amazon's position, may potentially lead to Amazon's reprisal against the sub-supplier is unavailing. These documents were already filed on the docket, to which Amazon as a party has access. Also, the argument simply speculates that the sub-supplier is vulnerable to an unspecified injury at the hands of Amazon and does not meet Gilimex's significant burden to "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 630 (S.D.N.Y. 2011). Plaintiff's motion at Dkt. No. 181, as it relates to (1) the three non-attorney declarations and attached exhibits and (2) portions of Gilimex's June 17, 2025, opposition letter, is denied.

WHEREAS, Plaintiff also moved at Dkt. No. 181 to seal the Declaration of Edward E. Filusch, also filed as part of Plaintiff's opposition to the Motion for Sanctions (*see* Dkt. No. 183-1A). Plaintiff takes "no position as to whether that document should remain under seal. However, given Amazon's confidentiality designation, Gilimex has filed that document under seal in an abundance of caution and to give Amazon an opportunity to designate which, if any, portions of that document Amazon wishes to keep under seal . . . ." Amazon subsequently filed a letter supporting the motion to seal, specifically requesting "to keep under seal a portion of one sentence in Exhibit 1A . . . which refers to a highly confidential, competitively sensitive technology Amazon was and is developing for use in fulfillment centers." As described in prior sealing orders in this case, the presumption of public access may be rebutted where a party seeks

6

to redact specific information about the party's "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]" and the proposed redactions are narrowly tailored to protect against competitive harm. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see* Dkt. No. 112. Here, Amazon has identified a "highly confidential, competitively sensitive" piece of business information it seeks to keep out of the public eye and has narrowly tailored its proposed redaction. Plaintiff's motion at Dkt. No. 181 as it relates to Dkt. No. 183-1A, the Declaration of Edward E. Filusch, is granted but only to the extent of Amazon's proffered redactions.

WHEREAS, third, Defendant moved at Dkt. No. 184 to seal its reply in support of the Motion for Sanctions and the reply's related exhibits (*see* Dkt. No. 185). The reply (Dkt. No. 185) and related exhibits reflect or contain excerpts of documents that Gilimex previously filed under seal or designated as confidential, including additional purchase orders to Gilimex sub-suppliers (Dkt. Nos. 185-1A, 185-1B), a sub-supplier demand letter (Dkt. No. 185-1C), a list of Gilimex-owned subsidiaries (Dkt. No. 185-2) and a Gilimex March 2022 inventory report (Dkt. No. 185-4). Amazon takes "no position" on whether these exhibits should remain under seal and moved to seal them in an "abundance of caution and to give Gilimex an opportunity to designate which portions of those documents Gilimex wishes to keep under seal  . . . ." Gilimex filed a letter in support of Amazon's motion and relied on the same arguments described above in support of Gilimex's own motion to seal at Dkt. No. 181. For the same reasons discussed above, Gilimex's vague, unspecified and conclusory argument that sub-suppliers face an unspecified threat of injury from Amazon does not satisfy the significant burden to rebut the strong presumption of public access. The motion at Dkt. No. 184 is denied.

WHEREAS, fourth, Plaintiff moved at Dkt. No. 201 to seal portions of Gilimex's July 18, 2025, letter to the Court on the scope and timing of the evidentiary hearing related to Amazon's Motion for Sanctions (*see* Dkt. No. 206). Gilimex's redactions include all references to its internal investigation and its subsequent revelation of an alleged fraud that was perpetrated by "a Gilimex employee [who] came forward and admitted to engaging in a scheme . . . to personally enrich himself" (the "Internal Investigation"). "As part of that scheme, the employee surreptitiously placed hard copies of documents he fabricated in Gilimex's files to make it appear that Gilimex had outstanding liabilities to certain suppliers." Gilimex contends that it "believed that these hard copy documents were authentic" until the employee came forward, and therefore, "Gilimex is not the perpetrator of a fraud as Amazon claims." Gilimex argues that "[t]he unsealed filing would give insight into competitively sensitive information about Gilimex's operations that could be exploited to the company's detriment." These vague and unspecified business concerns are unpersuasive. "Negative publicity is insufficient as a basis for overcoming the strong presumption of public access to the allegedly prejudicial items." *Syntel*, 2021 WL 1541385, at *2; *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 197, 205 (S.D.N.Y. 2007); *see also Lugosch*, 435 F.3d at 123 n. 5 ("The natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public . . . cannot be accommodated by courts without seriously undermining the tradition of an open judicial system. Indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know."). The motion at Dkt. No. 201 is denied.

WHEREAS, finally, Amazon moved at Dkt. No. 202 to seal "on a provisional basis" limited portions of its July 20, 2025, letter (*see* Dkt. No. 205) in response to Gilimex's July 18, 2025, letter describing the Internal Investigation and references to Gilimex's third-party sub-

suppliers. Amazon filed this motion, after conferring with Gilimex, "to allow Gilimex to move to seal the July 18 Letter and the corresponding portions of the July 20 Response." Gilimex filed a response in support of Amazon's redactions, resting on the same "affirmative grounds" argued in relation to Dkt. No. 201 and the potential harm that could result from Amazon's reference to "third-party personal relationships." For the same reasons discussed above, Gilimex's vague and unspecified business concerns regarding public disclosure of the Internal Investigation and its findings, as well as concerns regarding disclosure of third-party sub-suppliers, are unavailing. The motion at Dkt. No. 202 is denied. It is hereby

**ORDERED** that the motion at Dkt. No. 174 is **DENIED**.

The Clerk of Court is respectfully requested to unseal the following documents: Dkt. Nos. 176, 176-1, 176-2, 176-3, 176-4, 176-5, 176-6 and 176-7. It is further

**ORDERED** that the motion at Dkt. No. 181 is **DENIED** in part and **GRANTED** in part. By August 11, 2025, Plaintiff shall file a version of Dkt. No. 183-1 with redactions consistent with those proffered by Defendant and consistent with this Order.

The Clerk of Court is respectfully requested to unseal the following documents: Dkt. Nos. 183, 183-2, 183-3, 183-4. It is further

**ORDERED** that the motion at Dkt. No. 184 is **DENIED**.

The Clerk of Court is respectfully requested to unseal the following documents: Dkt. Nos. 185, 185-1, 185-2, 185-3, 185-4. It is further

**ORDERED** that the motion at Dkt. No. 201 is **DENIED**.

The Clerk of Court is respectfully requested to unseal the following document: Dkt. No. 206. It is further

**ORDERED** that the motion at Dkt. No. 202 is **DENIED**.

The Clerk of Court is respectfully requested to unseal the following document: Dkt. No. 205. It is further

**ORDERED** that future filings shall not be filed under seal, except as consistent with the rulings above.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 174, 181, 184, 201 and 202.

Dated: August 8, 2025
       New York, New York

                                              LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE