UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BINH THANH IMPORT EXPORT PRODUCTION & TRADE JOINT STOCK CO., d/b/a GILIMEX, INC.,<br><br>    Plaintiff,<br><br> -against-<br><br>AMAZON.COM SERVICES, LLC, d/b/a AMAZON ROBOTICS,<br><br>    Defendant. | Case No.: 1:23-cv-00292-LGS<br><br>**OPENING STATEMENT** |

   Pursuant to the Court's Order (Dkt. 231), Gilimex respectfully submits the below opening statement.

## I. Introduction

   At the June 23, 2025 conference, the Court noted that Gilimex should welcome the opportunity to clear its name of Amazon's accusations that Gilimex is perpetrating a "brazen fraud" (Dkt. 176) on the Court. As the evidence at tomorrow's hearing will show, that is precisely what Gilimex has done: clear its name. Gilimex did not fabricate any documents, and Amazon will not—and cannot—provide any direct evidence, let alone clear and convincing evidence, to the contrary. *See Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu*, 2015 WL 4389893, at *17 (S.D.N.Y. July 10, 2015) ("[A] court should not impose sanctions [for fraud on the Court] unless it finds, by clear and convincing evidence, that the party or attorney knowingly submitted a materially false or misleading pleading, or knowingly failed to correct false statements, as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly.").

Amazon seeks "severe sanctions," including dismissal of Gilimex's trial-ready case, because Gilimex allegedly fabricated documents. Dkt. 176. These documents fall into two categories: (1) purchase orders and demand letters relating to three label makers (together, the "Label Maker Documents"); and (2) a November 18, 2021 purchase order between Gilimex and Blazemax (the "November PO") and related meeting minutes (together with the November PO, the "Blazemax Documents"). None of the Label Maker Documents are part of Gilimex's damages case, nor do they appear on Gilimex's trial exhibit list; the Blazemax Documents are, according to Amazon, the "centerpiece of Gilimex's raw-materials-damages claim." *Id.* Amazon argued in its June 9, 2025 letter, among other things, that because the Label Maker Documents were fabricated that the Blazemax Documents must be as well. *Id.*

As shown below and will be shown tomorrow, there is no factual basis to support either category of alleged fraud by Gilimex because Gilimex committed no fraud.

## II. The Fabricated Label Maker Documents Were Part Of A Gilimex Employee's Fraud Against Gilimex, Not Any Gilimex Fraud On This Court Or Amazon

Following the June 23 conference, Gilimex, at counsel's direction, initiated an internal investigation into Amazon's allegations. As a result, Gilimex learned that one of its low-level employees, Tien Luong, acting alone, attempted to personally enrich himself by engaging in a scheme to defraud Gilimex that included his fabrication of the Label Maker Documents without Gilimex's knowledge.[1] Specifically, when Luong learned of the investigation, he approached the company and confessed his scheme in return for Gilimex's agreement not to report him to authorities. Gilimex's investigation confirmed that Luong fabricated documents relating not only to the label makers, but to suppliers who had nothing to do with Gilimex's Amazon

---

[1] Schemes like this are not uncommon. One of the label makers even puts a warning about such fraud in their email signatures. PX-29.

business.  Thus, Luong's confession and Gilimex's investigation confirms, undeniably, that Gilimex was the victim of Luong's fraud, not the perpetrator of any fraud relating to the Label Maker Documents.

Luong's fraud against Gilimex has nothing to do with this litigation.  As the victim of a fraud, Gilimex did not commit—and could not have committed—a fraud on Amazon or the Court simply by producing documents that it believed at the time[2] were authentic.  *See Mazzei v. The Money Store*, 62 F.4th 88, 95 (2d Cir. 2023) (no fraud on the court where non-movants "had [no] reason to know that their statements about the [information at issue] were false, that their reliance on [third-party's] representations was unreasonable, or that their failure to investigate [third-party's] representations was anything more than mere negligence").

### III. The Blazemax Documents Are Authentic

The Blazemax Documents are indisputably authentic.  The principals of both Gilimex and Blazemax[3] have submitted sworn declarations attesting to their legitimacy.  Dkt. 183-2; Dkt. 183-3.  Gilimex also will provide substantial additional evidence at the hearing, such as contemporaneous logbooks containing thousands of entries reflecting the dates documents were sent from and delivered to Gilimex that confirm document creation dates.  *E.g.*, PX-26; PX-32.  The Court noted at the June 23 conference that the Blazemax Documents could be tainted if Amazon's allegations that Gilimex fabricated the Label Maker Documents proved true.  However, Gilimex did not fabricate the Label Maker Documents, so there is no taint on the Blazemax Documents.

---

[2]   Because the Label Maker Documents were physically present in Gilimex's files and certain of the information contained therein appeared consistent with emails pertaining to Gilimex's dealings with the label makers, Gilimex in good faith believed that the Label Maker Documents were authentic until the revelation of Luong's fraud on Gilimex.

[3]   Following Gilimex and its counsel's repeated attempts to present a Blazemax witness at the hearing, Blazemax's counsel advised on August 8, 2025 that Blazemax would not do so.  *See* PX-245-T.

Amazon cannot meet its heavy burden of demonstrating that the Blazemax Documents are fabricated, because they are not. The evidence will show that in early 2021, Amazon was complaining about Gilimex's inability to timely deliver all the FPAs Amazon had ordered. PX-249. In fact, Amazon's need for Gilimex FPAs was so substantial and immediate that Amazon demanded that Gilimex devote its plants full time to producing FPAs for Amazon. According to Amazon, "Gilimex should have been utilizing production capacity during the low demand periods to build and warehouse inventory required to ship the full volumes during the high volume periods." PX-11.

While Amazon in mid-2021 had punished Gilimex with reduced orders after some orders were not timely delivered, Amazon's need for Gilimex FPAs grew dramatically throughout 2021 as COVID and other supply chain disruptions affected Amazon FPA suppliers. PX-9; PX-210; PX-214. One of Gilimex's largest challenges in meeting Amazon's rapidly increasing demand was sourcing a reliable supply of raw materials. PX-30. To satisfy that demand for the upcoming 2022-23 season, Gilimex turned to a supply source that had been recently successful, Blazemax, and devised a strategy whereby Blazemax would procure raw materials for the next season's FPAs. *See id.* That strategy culminated in Gilimex placing the November PO with Blazemax pursuant to which Blazemax would procure $69 million worth of raw materials from various sub-suppliers for Gilimex. PX-40. Faced with continuing pressure from Amazon to increase and accelerate its FPA production and delivery—mixed with threats of loss of business if it did not—Gilimex needed the assurance of supply provided by the November PO. But, unbeknownst to Gilimex, Amazon had already decided that it was going to terminate their strategic partnership, which it later did, leaving Gilimex with tens of millions of dollars in unsold FPAs, raw materials, and supplier obligations. PX-210; PX-213.

Amazon can no longer bootstrap its Blazemax Documents arguments to the Label Maker Documents and there is no direct evidence to support Amazon's claim that the Blazemax Documents are inauthentic. Amazon's remaining allegation rests on unsupported, speculative attacks on the credibility of Gilimex's and Blazemax's principals and incorrect or irrelevant "expert" testimony, none of which withstands scrutiny:

| Amazon's Claims That The November PO Is Inauthentic Because It Is Inconsistent With Other Purchase Orders | |
|---|---|
| **Amazon's Claims** | **Gilimex's Response** |
| Gilimex does not have any invoices or proof of payment for the materials in the November PO. | There are no invoices or proof of payment because Gilimex has not taken delivery of or paid for any of the materials. |
| There are no internal Gilimex emails regarding or attaching the November PO. | At Gilimex, such purchase orders are typically filed in hardcopy and discussed and approved in person. |
| There are no email communications among Gilimex, TCI/Blazemax, and the sub-suppliers. | Gilimex typically communicates with Blazemax and its logistics company, TCI, by phone or in person because their offices are located nearby. Gilimex did not communicate with sub-suppliers regarding the November PO because Blazemax was responsible for communicating with them. |
| There are no bills of lading/packing lists. | Such documents involve actual shipment and receipt of goods. Here, as reflected in, among other things, meeting minutes and debit notes, Blazemax did not ship the materials in the November PO and is still warehousing those materials. Accordingly, there are no bills of lading or packing lists. |
| The November PO and materials in the order are not tracked in "inventory reports." | Gilimex does not have "inventory reports." The documents Amazon misinterprets as "inventory reports" are actually "raw material status reports" for materials Gilimex expects to use in production for the FPAs made in the period reflected in the reports. The November PO is not reflected in any such reports because Gilimex planned to use those |

5

|  | materials to manufacture FPAs for Amazon during the 2022-23 season but was terminated before it could do so. |
|---|---|
| The quantities and prices in the November PO exceed other purchase orders. | As detailed above, given Gilimex's problems sourcing materials and timely delivering product to Amazon, by far its largest customer, the quantities in the November PO were made to ensure that Gilimex had sufficient materials to reliably satisfy Amazon's FPA demand for the 2022-23 season. Blazemax set the prices for the November PO. |
| The lead time for delivery was far longer than other purchase orders. | Again, the intent behind the November PO was to acquire enough material to manufacture and timely deliver FPAs to Amazon for the 2022-23 season to preserve the Amazon relationship. There was no set lead time for the November PO. The order was placed for the 2022-23 season and Gilimex planned to begin taking shipment after Amazon issued purchase orders for that season. Amazon never did so because it wrongfully terminated its relationship with Gilimex. |

Amazon also argues that certain Gilimex documents have suspicious electronic metadata. Most of Amazon's metadata claims allege that certain documents were created post-litigation. But that is not true. Hardcopy documents do not have "original" metadata. The metadata Amazon relies upon reflects the date that hardcopy documents were scanned, not the date the actual hardcopy documents were created. Much, if not most, of Gilimex's file keeping and document maintenance was and is done in hardcopy. Gilimex's business practice generally is, like many Vietnamese companies, to maintain its records in hardcopy and, where possible, transact business with third parties in hardcopy. It is a manufacturing business that strives to keep its costs as low as possible to attract business from global companies like Amazon. So, for

6

example, it does not have a well-developed IT infrastructure.  Put simply, there is nothing relevant, or suspicious, about the metadata on these documents.

Amazon also argues that Excel files of meeting minutes relating to the November PO are fraudulent because the files' metadata shows that they were created post-litigation.  The reason they were created post-litigation is simple and not indicative of fraud: Gilimex maintains those minutes in hardcopy and had difficulties creating readable scans of them.  The minutes Gilimex originally produced were re-typed by a Gilimex employee into Excel so that they could be clear.  Gilimex has since produced scans of the original meeting minutes.

### IV. Amazon's Narrative, Not Gilimex's, Is "Far-Fetched"

Confronted with the facts about Luong's attempted fraud on Gilimex, Amazon claims that it is a "far-fetched story."  Dkt. 205.  Not so.  What we have told this Court and Amazon is simple and true.  A Gilimex employee attempted to defraud Gilimex but abandoned his scheme before misappropriating funds.  Completely unrelated, Gilimex, in response to Amazon's criticism over the failure to timely deliver materials during a period of increased demand and amid a pandemic severely affecting the supply chain, took reasonable steps to secure materials through a large order from a reliable source, Blazemax.  As a result of Amazon's wrongful termination, Gilimex did not take possession of the materials but remains liable to Blazemax, a fact that Gilimex conveyed to Amazon during the parties' relationship and prior to any litigation.  *See* PX-137.

Indeed, it is Amazon's fraud accusations that strain credulity.  For Amazon's story to be correct, Gilimex would have had to engage in an improbable and practically impossible fraud:

- First, during fact discovery, Gilimex would have had to fabricate and produce to Amazon over 100 documents, including the Label Maker Documents and two Blazemax purchase orders separate from the November PO, to seek damages based on the amounts reflected

7

in those documents, which show that Gilimex had liabilities to its suppliers of tens of millions of dollars.

- Then, just three months later, during expert discovery, Gilimex would have had to have abandoned the above fraud (while leaving the documents in Amazon's possession) and pursued a new fraud by concocting and producing the November PO, in black and white, to seek $69 million in damages.

- Then, only when Amazon confronted Gilimex with is fraud allegations, Gilimex would have had to double-down by creating more fraudulent documents, including (i) multiple logbooks that corroborate the authenticity of the November PO and that contain thousands of handwritten entries (*e.g.*, PX-26; PX-32); (ii) a hardcopy PowerPoint that Gilimex presented to Amazon and emailed to Amazon (Amazon has not produced an electronic copy) in August 2022 that references $69.04 million Gilimex owes to its supplier (*i.e.*, Blazemax) (PX-137); and (iii) new color versions of the November PO and related meeting minutes (PX-40; PX-54).

- Additionally, to support these alleged frauds, Gilimex would have had to corrupt numerous people, including Luong, Blazemax's principal, Blazemax's attorney, and presumably Gilimex's counsel (or, at a minimum, counsel would have to have turned a blind eye to it).

There is no proof, let alone clear and convincing evidence, that Amazon's conspiracy allegations are true. Amazon cannot—and will not be able to—show either clearly or convincingly that Gilimex tried to defraud the Court by "submit[ing] a materially false or misleading pleading[] . . . as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly." *Braun ex rel. Advanced Battery Techs., Inc.*, 2015

WL 4389893 at *17. Boiled down, Amazon argues there should be electronic evidence evincing a hard copy purchase order—or indeed that the November PO should be electronic. But that is not, and has nothing to do with, fraud. At most, that is an argument Amazon can try to present to the jury at trial.

## V. Conclusion

Amazon's request for sanctions should be denied at the hearing's conclusion and this matter restored to the trial calendar.[4]

Dated: August 11, 2025
New York, New York

                                                    KASOWITZ LLP

By: _/s/ Marc E. Kasowitz_
Marc E. Kasowitz
Edward E. Filusch
Daniel J. Koevary
Sondra D. Grigsby
Michael C. Pecorini
1633 Broadway
New York, NY 10019
Tel.: (212) 506-1700
mkasowitz@kasowitz.com
efilusch@kasowitz.com
dkoevary@kasowitz.com
sgrigsby@kasowitz.com
mpecorini@kasowitz.com

ThucMinh Nguyen
(admitted *pro hac vice*)

---

[4] Additionally, Gilimex respectfully requests the Court grant its sanctions application (Dkt. No. 183), by awarding Gilimex attorneys' fees and costs in defense of Amazon's accusations (i) related to the Blazemax Documents incurred after June 17, 2025, the date that the principals of Blazemax and Gilimex submitted declarations swearing to those documents' legitimacy (*see* Dkt. Nos. 183-2; 183-3), and (ii) related to the Label Maker Documents incurred after July 17, 2025, the date that Gilimex informed Amazon that a Gilimex employee admitted to engaging in an attempted scheme to defraud Gilimex.

9

101 California Street,
Suite 3950
San Francisco, CA 94111
Tel.: (650) 453-5420
tnguyen@kasowitz.com

*Attorneys for Plaintiff*