# KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKASOWITZ@KASOWITZ.COM

July 29, 2025

**Application DENIED, consistent with Dkt. Nos. 241 and 242.**

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 214 and 219, and to unseal Dkt. Nos. 215 and 216.**

**Dated: August 11, 2025**
**New York, New York**

*LORNA G. SCHOFIELD*
*UNITED STATES DISTRICT JUDGE*

Re:  *Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*, No. 1:23-cv-00292-LGS

Dear Judge Schofield:

We represent Gilimex in the above-referenced action. We respectfully move the Court to maintain under seal certain narrowly tailored portions of Gilimex's and Amazon's joint letter dated July 29, 2025 (Dkt. 215-216, the "Joint Letter"), pursuant to Your Honor's Individual Rule I.D.3.

For the same reasons set forth in Gilimex's July 22, 2025 letter motion to seal (Dkt. 201), Gilimex respectfully submits that the material in the Joint Letter should not be made public due to the highly sensitive nature of its contents. Specifically, the unsealed filing would give insight into competitively sensitive information about Gilimex's operations that could be exploited to the company's detriment. Indeed, courts have recognized that the rationale for Gilimex's request for sealing "constitutes a competing consideration often sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012); *see also Cantinieri v. Versick Analytics, Inc.*, 2024 WL 759317, at *3-4 (E.D.N.Y. Feb. 23, 2024) (granting motion to seal on similar grounds). Although the presumption of public access attaches to judicial documents, that presumption may be overcome by showing that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) (finding "that the limited redactions proposed by the Defendants and the affected third-parties . . . overcome the presumption for public disclosure for the parties and the affected third-parties") (citation omitted).

Moreover, courts favor redaction—as sought by Gilimex—over wholesale sealing as a means to balance the public's right of access with privacy or confidentiality concerns. *See, e.g., Olson v. Major League Baseball* 29 F.4th 59, 93 (2d Cir. 2022) ("[C]onducting this balancing and exercising its discretion, a district court should consider its ability to use redactions that do not

KASOWITZ LLP

Hon. Lorna G. Schofield
July 29, 2025
Page 2

unduly interfere with the public's right to access judicial documents in order to address privacy concerns.").

In opposing Gilimex's prior sealing applications (Dkt. 208), Amazon incorrectly asserted that neither *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *1 (E.D.N.Y. May 10, 2012) nor *Cantinieri v. Verisk Analytics*, Inc., 2024 WL 759317, at *1 (E.D.N.Y. Feb. 23, 2024) are applicable. However, those two decisions expressly address Gilimex's concerns should the material it submitted be unsealed.

The harm that could result from public disclosure of the redacted portions of the Joint Letter outweighs any presumption of public access. Accordingly, Gilimex respectfully requests that the Court maintains the limited and narrowly tailored portions of the Joint Letter under seal. *See*, *e.g.*, *Cantinieri*, 2024 WL 759317, at *3; *Dollar Phone Corp.*, 2012 WL 13195012, at *1.

Respectfully,

Marc E. Kasowitz

cc: All counsel of record

KASOWITZ LLP

Hon. Lorna G. Schofield
July 29, 2025
Page 3

## Appendix

Pursuant to Your Honor's Individual Rule I.D.3, included below is a list of all parties and attorneys of record who should have access to the sealed documents:

| KASOWITZ BENSON TORRES LLP | GIBSON DUNN & CRUTCHER LLP |
|---|---|
| Marc E. Kasowitz | Barry H. Berke |
| Edward E. Filusch | Jordan Estes |
| Sondra D. Grigsby | Grace E. Hart |
| Michael C. Pecorini | Daniel M. Ketani |
| 1633 Broadway | 200 Park Avenue |
| New York, NY 10019 | New York, NY 10166 |
| mkasowitz@kasowitz.com | bberke@gibsondunn.com |
| efilusch@kasowitz.com | jestes@gibsondunn.com |
| sgrigsby@kasowitz.com | ghart@gibsondunn.com |
| mpecorini@kasowitz.com | dketani@gibsondunn.com |
| | |
| ThucMinh Nguyen | Andrew LeGrand (admitted *pro hac vice*) |
| (application for *pro hac vice* pending) | 2001 Ross Avenue |
| 101 California Street, | Ste 2100 |
| Suite 3950 | Dallas, TX 75201 |
| San Francisco, CA 94111 | alegrand@gibsondunn.com |
| tnguyen@kasowitz.com | |
| | PERKINS COIE LLP |
| *Attorneys for Plaintiff Binh Thanh Import Export Production & Trade Joint Stock Co.* | Alan B. Howard |
| | Adam R. Mandelsberg |
| | Evelyn Y. Pang |
| | 1155 Avenue of the Americas, 22nd Floor |
| | New York, New York 10036 |
| | AHoward@perkinscoie.com |
| | AMandelsberg@perkinscoie.com |
| | EPang@perkinscoie.com |
| | |
| | *Attorneys for Defendant Amazon.com Services LLC* |