# KASOWITZ LLP

Marc E. Kasowitz
Direct Dial: (212) 506-1710
Direct Fax: (212) 835-5010
MKasowitz@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

August 6, 2025

**Application DENIED, consistent with Dkt. Nos. 241, 242.**

**The Clerk of Court is respectfully directed to close the motion at Dkt. No. 232 and to unseal Dkt. Nos. 229 and 230.**

**Dated: August 11, 2025**
**New York, New York**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*, No. 1:23-cv-00292-LGS

Dear Judge Schofield:

We represent Plaintiff Gilimex in the above-referenced action. Pursuant to Your Honor's Individual Rule I.D.3[1], we respectfully submit this letter regarding Amazon's filing of the August 5, 2025 Joint Pre-Hearing Order (Dkt. 229), which contains references to information that Gilimex has previously moved to maintain under seal, including through its July 22, 2025 letter motion (Dkt. 201).

Gilimex respectfully moves the Court to maintain under seal certain narrowly tailored portions of the Joint Pre-Hearing Order due to the highly sensitive nature of its contents. The unsealed filing would give insight into competitively sensitive information about Gilimex's operations that could be exploited to the company's detriment. Indeed, courts have recognized that the rationale for Gilimex's request for sealing "constitutes a competing consideration often sufficient to rebut the presumption of access." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 2012 WL 13195012, at *2 (E.D.N.Y. May 10, 2012); *see also Cantinieri v. Versick Analytics, Inc.*, 2024 WL 759317, at *3-4 (E.D.N.Y. Feb. 23, 2024) (granting motion to seal on similar grounds). Although the presumption of public access attaches to judicial documents, that presumption may be overcome by showing that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) (finding "that the limited redactions proposed by the Defendants and the affected

---

[1] Pursuant to the Court's rules, filed contemporaneously herewith are a proposed redacted copy, and an unredacted copy with the proposed redactions highlighted, of the Joint Pre-Hearing Order.

KASOWITZ LLP

**CONFIDENTIAL**
Hon. Lorna G. Schofield
August 6, 2025
Page 2

third-parties . . . overcome the presumption for public disclosure for the parties and the affected third-parties") (citation omitted).[2]

Moreover, courts favor redaction—as sought by Gilimex—over wholesale sealing as a means to balance the public's right of access with privacy or confidentiality concerns. *See, e.g., Olson v. Major League Baseball* 29 F.4th 59, 93 (2d Cir. 2022) ("[C]onducting this balancing and exercising its discretion, a district court should consider its ability to use redactions that do not unduly interfere with the public's right to access judicial documents in order to address privacy concerns.").

The harm that could result from public disclosure of the redacted portions of the Joint Pre-Hearing Order outweighs any presumption of public access. Accordingly, Gilimex respectfully requests that the Court maintain the limited and narrowly tailored portions of the Joint Pre-Hearing Order under seal. *See, e.g., Cantinieri*, 2024 WL 759317, at *3; *Dollar Phone Corp.*, 2012 WL 13195012, at *1.

Respectfully,

Marc E. Kasowitz

---

[2] Additional details regarding the nature of the sensitive information Gilimex seeks to maintain under seal are contained in Gilimex's letter dated July 18, 2025 (the "Letter") (Dkt. 206). *See EFT Servs., LLC v. I-POS Sys. LLC*, 2025 WL 1752144, at *4–5 (S.D.N.Y. June 25, 2025).

KASOWITZ LLP

**CONFIDENTIAL**
Hon. Lorna G. Schofield
August 6, 2025
Page 3

# Appendix

Pursuant to Your Honor's Individual Rule I.D.3, included below is a list of all parties and attorneys of record who should have access to the sealed documents:

KASOWITZ LLP

Marc E. Kasowitz
Edward E. Filusch
Daniel J. Koevary
Sondra D. Grigsby
Michael C. Pecorini
1633 Broadway
New York, NY 10019
Tel.: (212) 506-1700
mkasowitz@kasowitz.com
efilusch@kasowitz.com
dkoevary@kasowitz.com
sgrigsby@kasowitz.com
mpecorini@kasowitz.com

ThucMinh Nguyen (admitted pro hac vice)
101 California Street,
Suite 3950
San Francisco, CA 94111
Tel.: (650) 453-5420
tnguyen@kasowitz.com

GIBSON DUNN & CRUTCHER LLP

Barry H. Berke
Jordan Estes
Grace E. Hart
Daniel M. Ketani
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-4000
bberke@gibsondunn.com
jestes@gibsondunn.com
ghart@gibsondunn.com
dketani@gibsondunn.com

Andrew LeGrand (admitted pro hac vice)
2001 Ross Avenue
Suite 2100
Dallas, TX 75201
Tel.: (214) 698-3100
alegrand@gibsondunn.com

BAUGHMAN KROUP BOSSE PLLC

Andrew Bosse
One Liberty Plaza
Floor 46
New York, NY 10006
abosse@BKBfirm.com