**GIBSON DUNN**

Jordan Estes
Partner
T: +1 212.351.3906
jestes@gibsondunn.com

September 10, 2025

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*,
        Case No. 1:23-cv-00292 (S.D.N.Y.)

Dear Judge Schofield:

  We represent Defendant Amazon.com Services LLC ("Amazon") in the above-referenced action, and write to respectfully request leave to supplement the record following the August 12, 2025 evidentiary hearing before the Court (the "Hearing"), with a single, two-page exhibit and its corresponding English-language translation. *See* Ex. A.

  Specifically, in connection with its forthcoming Motion for Sanctions against Plaintiff Gilimex (the "Motion"), Amazon seeks to supplement the record with a document from Gilimex's Board of Directors, dated August 20, 2025, soliciting shareholder approval of certain proposals related to the costs, liabilities, and potential judgment associated with this action (the "Shareholder Submission"). *See id.* Among the proposals in the Shareholder Submission, Gilimex requests shareholder approval to: (1) exempt certain executives and employees from any personal liability for damages arising from this action; (2) award bonuses to executive and employees who participated and supported the action (presumably including Le Hung, Nguyet Pham, and Tien Luong), using 20% of any judgment it receives against Amazon, exclusive of its damages and litigation costs; and (3) pay a "success fee for the advisory firms that are defending [Gilimex's] lawful rights and interests" in this action, again using 20% of any judgment it receives against Amazon. *See id.*

  "Courts in [the Second] Circuit look favorably on efforts to supplement the record absent prejudice or bad faith." *Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Tr. Co.*, 585 F. Supp. 3d 540, 568 n.21 (S.D.N.Y. 2022), *aff'd sub nom. Phoenix Light SF Ltd. v. Bank of N.Y. Mellon*, 66 F.4th 365 (2d Cir. 2023). Here, there is absolutely no prejudice given that this is Gilimex's own corporate document, and that Gilimex will have ample opportunity to address the Shareholder Submission in its opposition to the Motion, which is not due until October 8, 2025. *See* Dkt. 249. Nor can it reasonably be argued that Amazon is acting in bad faith here; the Shareholder Submission—which is only available on the Vietnamese-language version of Gilimex's public

**GIBSON DUNN**

September 10, 2025
Page 2

website and only recently came to Amazon's attention—post-dates the Hearing by more than a week. Put simply, "the parties will be best served by the Court's deciding the [sanctions] issue presented to it on the most complete factual basis possible." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco P.L.C.*, 2003 WL 1618534, at *1 (S.D.N.Y. Mar. 27, 2003).

      Accordingly, Amazon respectfully requests the Court's leave to supplement the record with the Shareholder Submission.

Respectfully submitted,

*/s/ Jordan Estes*
Barry H. Berke
Jordan Estes
Andrew LeGrand
Grace E. Hart
Daniel M. Ketani

cc: All counsel of record (by ECF)

---

Application **GRANTED**.  Plaintiff may, but need not, file any objections -- including disputes about the translation -- by **September 15, 2025**.  Any objections will go to weight not admissibility.  So Ordered.

Dated: September 11, 2025
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE