# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BINH THAN IMPORT EXPORT PRODUCTION & TRADE JOINT STOCK CO., D/B/A GILIMEX, INC., <br><br> Plaintiff, <br><br> -v.- <br><br> AMAZON.COM SERVICES, LLC, D/B/A AMAZON ROBOTICS, <br><br> Defendant. | Case No.: 1:23-cv-00292-LGS |

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE THAT, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Amazon.com Services LLC ("Defendant" or "Amazon") hereby requests that Plaintiff Binh Thanh Import Export Production & Trade Joint Stock Co., d/b/a Gilimex, Inc. ("Plaintiff" or "Gilimex") respond to the present Requests for Production of Documents (the "Requests" and each a "Request") no later than April 7, 2023, and produce the documents requested herein in accordance with the Civil Case Management Plan and Scheduling Order (Dkt. No. 23) and Order Granting Joint Agreement of Parties Re: Discovery of Electronically Stored Information for Standard Litigation (Dkt. No. 29).

## I. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the negotiation, execution, or administration of the CSPA.

**REQUEST FOR PRODUCTION NO. 2:**

All drafts of the CSPA.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON induced or compelled YOU to enter into the CSPA, or otherwise that YOU had "no choice but to sign" the CSPA.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON made representations that YOU and AMAZON were "partners" and/or engaged in a "strategic partnership," or on which YOU otherwise rely to allege that YOU and AMAZON had a "partnership."

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS cited in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON gave YOU assurances that AMAZON would protect YOU from business downturns, or any other DOCUMENTS or COMMUNICATIONS discussing potential business downturns.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON gave you assurances that AMAZON would purchase FPAs which AMAZON did not need to enable YOU to gradually ramp down production, and any other DOCUMENTS or COMMUNICATIONS discussing a ramp down of production of FPAs.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS REFERRING to or RELATING to YOUR allegations in the ACTION that in 2019, despite reduced demand, AMAZON purchased FPAs which it did not need to allow YOU "to gradually ramp down production over a period of three years."

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS REFERRING or RELATING to AMAZON's demand for FPAs from 2018 to the present.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS between YOU and AMAZON REFERRING or RELATING to forecasts of FPA demand sent by AMAZON to YOU from 2021 to the present pursuant to the CSPA.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS that RELATE to YOUR reason or reasons for building new FPA production facilities, and any other DOCUMENTS or COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON urged YOU to build new FPA production facilities.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS that RELATE to YOUR reason or reasons for converting existing production facilities, and any other DOCUMENTS or COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that YOU agreed to convert three existing manufacturing facilities for production solely for AMAZON.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON demanded that YOUR design for FPAs for AMAZON be unique or unable to be sold to other customers.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the money YOU spent building new FPA production facilities, including, but not limited to, the cost to convert YOUR manufacturing facilities to manufacture FPAs solely for AMAZON.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR reason or reasons for increasing the size of your labor force, and any other DOCUMENTS or COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON made assurances that AMAZON would protect YOU from business downturns.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS on which YOU rely for YOUR allegations in the ACTION that YOU have maintained YOUR workforce of 7,000 employees from 2022 to the present, including, but limited to, the precise number of YOUR employees, the amount of their salaries, the amount of their benefits, and YOUR justifications for the continued employment of these employees.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that YOUR decision to provide for employees to live on factory premises, avoid halts in production, and/or relocate production and packing facilities during COVID-19, was required by AMAZON.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS that RELATE to YOUR reason or reasons for ceasing production of FPAs for customers other than AMAZON, and any other DOCUMENTS or COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON insisted that YOU cease manufacturing and/or selling FPAs to customers other than AMAZON.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that YOU severed business ties with IKEA, Decathlon, and Columbia Sportswear at AMAZON'S request.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show FPA sales and income generated from FPA sales to YOUR customers other than AMAZON from 2018-present, and the identities of those customers.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to show the number of FPAs sold by YOU to AMAZON and the income generated from FPA sales to AMAZON from 2018-present.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS and COMMUNICATIONS REFERRING or RELATING to the prices of FPAs sold by YOU to AMAZON from 2018 to 2022, including how YOU determined the prices of the FPAs YOU sold to Amazon.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON refused to discuss its decrease in demand for FPAs with YOU,

-5-

that AMAZON was aware prior to April 2022 that its demand for FPAs was declining, that AMAZON failed to notify YOU that its demand for FPAs was declining, and any other DOCUMENTS or COMMUNICATIONS discussing or RELATING to the decrease in AMAZON's demand for FPAs.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON agreed to pay fees to YOU to warehouse YOUR FPA inventory.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON pressured YOU to continue FPA production and stockpile inventory during low demand periods.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to any QBR meeting held pursuant to the CSPA.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON did not hold any QBR meetings after May 2021, any DOCUMENTS or COMMUNICATIONS concerning or reflecting any request YOU made to convene a QBR meeting after May 2021, and any DOCUMENTS or COMMUNICATIONS concerning or reflecting YOUR provision to AMAZON of "detailed documentation setting forth the information required by items (1)-(3)" in accordance with section 1.3(b) of the CSPA.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that that despite AMAZON'S stated reduction in demand in its April 2, 2022 forecast, YOU believed that AMAZON's demand for FPAs in 2022 and 2023 would remain similar to recent years, and DOCUMENTS sufficient to show the number of FPAs YOU produced for AMAZON each month from April 2022 to the present.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that AMAZON was "well aware and previously acknowledged that it was impossible for [YOU] to stop production immediately in spring and summer of 2022."

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to a June 27, 2022 dinner between YOU and AMAZON at Mystique Asian Restaurant & Lounge in Everett, Massachusetts, including any discussion at that dinner of the business relationship between YOU and AMAZON.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to a June 28, 2022 meeting between YOU and AMAZON at AMAZON's office in North Reading, Massachusetts, including but not limited to (i) any discussion at that meeting of the business relationship between YOU and AMAZON and (ii) any instance in which AMAZON led YOU to believe that "at least a one-year ramp-down period would be provided."

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that YOU "pressed Amazon for a follow-up meeting at Amazon's headquarters" and that YOU were "escorted out by security and barred from [Amazon's offices in North Reading]" on at least one occasion, including on July 26, 2022.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to a video conference meeting between YOU and AMAZON on August 3, 2022.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that YOU have unsold inventory of over 400,000 FPAs worth over $55 million.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that YOU have over $68 million worth of FPA raw material and components that cannot be returned to YOUR suppliers or otherwise used.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that YOU have over $30 million in unrecouped investment in manufacturing facilities built at AMAZON's urging.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that over $37 million in costs will be incurred by YOU to convert YOUR six FPA manufacturing facilities to manufacture for customers other than AMAZON.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS on which YOU rely for YOUR allegations in the ACTION that YOU will suffer over $90 million in lost profits while YOU work to secure new customers.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that YOU anticipate offering into evidence or otherwise relying on at trial of this ACTION.

## II. DEFINITIONS

The below Definitions are subject to the Uniform Definitions as outlined in Local Rule 26.3. The Definitions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

A.  "ACTION" shall mean the above-referenced matter, *Binh Thanh Import Export Production & Trade Joint Stock Co. v. Amazon.com Services LLC*, pending in the Southern District of New York, Case No. 1:23-cv-00292-LGS.

B.  "COMPLAINT" shall mean the complaint filed in this Action in the Supreme Court of the State of New York, New York County, on December 13, 2022 and removed to this Court on January 12, 2023.

C.  "COMMUNICATION" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

D.  "DOCUMENT" shall be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

E. "PLAINTIFF," "YOU," or "YOUR," shall refer to Plaintiff Binh Thanh Import Export Production & Trade Joint Stock Co., including its full or abbreviated name or a pronoun referring to that entity and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

F. "DEFENDANT" or "AMAZON" shall refer to Defendant Amazon.com Services LLC, including its full or abbreviated name or a pronoun referring to that entity and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

G. The terms "PERSON" AND "PERSONS" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

H. "CSPA" shall mean the Component Sale and Purchase Agreement entered into by and between Plaintiff and Defendant on January 7, 2021, attached as Exhibit A to the COMPLAINT.

I. "FPA" shall mean steel and fabric storage containers and/or Fabric FPA Arrays and shall have the same meaning as defined in the COMPLAINT.

J. "QBR" shall mean the "Quarterly Business Review" referred to and defined in § 1.3(b) of the CSPA.

K. The terms "RELATE TO," "RELATED TO," or "RELATING TO" shall mean evidencing, constituting, memorializing, referring to, embodying, reflecting, or pertaining to, in any manner, in whole or in part, the subject matter referred to in the Request.

L. The following rules of construction shall apply to all Requests:

   i. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   ii. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

   iii. Number. The use of the singular form of any word includes the plural and vice versa.

### III. INSTRUCTIONS

A. All DOCUMENTS that respond, in whole or in part, to a Request should be produced in their entirety without any redaction(s). DOCUMENTS that in the original condition were stapled, clipped, or otherwise fastened together should be produced in such form. DOCUMENTS which are segregated or separated from other DOCUMENTS, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Where multiple copies of DOCUMENTS exist, each non-identical copy should be produced.

B. If, in responding to any Request, YOU object to responding to any part of the Request, YOU should respond to each part of the Request to which YOU do not object and state separately the grounds for objection.

C. If any privilege or protection is claimed as to any DOCUMENT, state the nature of the privilege or protection claimed (*e.g.*, attorney-client, work product) and state the basis for claiming the privilege or protection. If less than an entire DOCUMENT is claimed to be privileged, furnish a copy of those portions of the DOCUMENT that are not privileged. For each

DOCUMENT or portion of a DOCUMENT for which privilege or protection is claimed, provide the following information:

      i.    the title of the DOCUMENT;

      ii.    the identity and title of each author;

      iii.    the identity and title of each recipient;

      iv.    the date of the DOCUMENT;

      v.    a description of the DOCUMENT; and

      vi.    a statement of the basis on which privilege is claimed.

    D.    Use of the singular shall be deemed to include the plural and vice versa.

    E.    Whenever necessary to bring within the scope of a Request all information or DOCUMENTS that might otherwise be construed to be outside its scope, the use of a verb in any tense shall be construed as the use of the verb in all other tenses.

    F.    All Requests referring to correspondence or other transactions between two or more PERSONS shall include correspondence or other transactions made or conducted through intermediaries, representatives, employees, agents, brokers, and servants of the PERSON. In responding to Requests seeking DOCUMENTS RELATING TO correspondence, YOU should produce, inter alia, all DOCUMENTS identifying such correspondence (*e.g.*, telephone or telecopier records, logs, calendars, diaries, journals and journal entries, e-mails, or memoranda).

    G.    If any document requested below or fairly comprised within the scope of the following Requests has been lost or destroyed, please provide, in lieu of a true and correct copy of such document, a list of each document so lost or destroyed together with the following information:

      i.    the date of the origin of the document;

      ii.     a brief description of such document;

      iii.    the author of the document;

      iv.    the identify of each person who was a recipient of such document;

      v.     the date upon which the document was lost or destroyed; and

      vi.    a brief statement of the manner in which the document was lost or destroyed.

    H.    Unless otherwise specified, the time period of these Requests is from December 13, 2017 through the present.

Dated: New York, New York
         March 8, 2023

Respectfully submitted,

PERKINS COIE LLP

By: */s/ Alan B. Howard*
    Alan B. Howard
    Adam R. Mandelsberg
    Margaret W. Meyers
    Evelyn Y. Pang
    1155 Avenue of the Americas, 22nd Floor
    New York, New York 10036-2711
    Tel: 212.262.6900
    Fax: 212.977.1649
    AHoward@perkinscoie.com
    AMandelsberg@perkinscoie.com
    MMeyers@perkinscoie.com
    EPang@perkinscoie.com

    *Attorneys for Defendant*
    *Amazon.com Services LLC*