KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKASOWITZ@KASOWITZ.COM

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

July 14, 2026

Application **GRANTED**. A three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). As to the first and second steps, the exhibit submitted in connection with a motion in limine is a judicial document subject to a presumption of public access, but that presumption is entitled to lesser weight because the motion was non-dispositive and ultimately mooted by the dismissal of this action. *See Loomis Sayles Tr. Co., LLC v. Citigroup Glob. Mkts. Inc.*, No. 22 Civ. 6706, 2026 WL 1679438, at *1 (S.D.N.Y. June 10, 2026). As to the third step, the Court finds that Plaintiff's interest in protecting commercially sensitive information regarding its suppliers and inventory values overcomes the presumption of access to the document. The redactions are narrowly tailored to protect that information while leaving the rest of the exhibit visible. Accordingly, the proposed redactions to Dkt. 165-2 shall be maintained. By **August 19, 2026**, the parties shall publicly file Dkt. 275 and the documents addressed in Dkts. 119, 148 and 162, including all exhibits, in accordance with this Order.

The Clerk of Court is respectfully directed to terminate Dkts. 274 and 275.

Dated: August 12, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*, No. 1:23-cv-00292-LGS**

Dear Judge Schofield:

We represent Plaintiff Gilimex in the above-referenced action. Pursuant to this Court's Individual Rule I.D.3 and its June 30, 2026 Order (Dkt. 270) (the "Order"), we respectfully submit this letter regarding Amazon's May 2, 2025 and June 2, 2025 letter motions (Dkts. 119, 162), both of which request seal of certain documents designated by Gilimex as "Confidential" during discovery.[1] Gilimex has no position on the continued seal of the vast majority of materials at issue in either of Amazon's letter motions, and requests that seal be maintained only for narrow portions of Exhibit 2 to the Declaration of Grace E. Hart in Further Support of Defendant Amazon's Motion in Limine to Exclude Testimony of Mark F. Rule (Dkt. 165-2) ("Exhibit 2"), at issue in Amazon's June 2, 2025 letter motion (Dkt. 162).[2]

Gilimex respectfully moves the Court to maintain under seal certain narrowly tailored portions of Exhibit 2 due to the commercial sensitivity of its contents. Although the presumption of public access attaches to judicial documents like Exhibit 2, that presumption may be overcome by showing that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) (finding "that the limited redactions proposed by the Defendants and the affected third-

[1] The Order further requests the parties' positions on the documents subject to seal in Gilimex's May 21, 2025 letter motion to seal. (Dkt. 148.) For clarity, Gilimex reiterates that it "has no position as to whether any of Confidential Materials" specified in its May 21, 2025 letter motion "should remain under seal." *Id.*

[2] Pursuant to the Court's rules, filed contemporaneously herewith are a proposed redacted copy, and an unredacted copy with the proposed redactions highlighted, of Exhibit 2.

parties . . . overcome the presumption for public disclosure for the parties and the affected third-parties") (citation omitted). "Preventing competitive harm is a countervailing interest that can override the public right of access." *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (Schofield, J.).

Here, the summary chart in Exhibit 2 identifies several third-party suppliers who manufactured materials ultimately purchased by Gilimex, their operating location, the materials they manufacture, and the value of Gilimex's inventory that they maintained as of July 21, 2022. Due to the pendency of this action, Gilimex's ability to pay for the materials at issue in Exhibit 2 has been limited, and Gilimex anticipates several of the suppliers listed in Exhibit 2 will initiate litigation in Vietnam to recover their costs in manufacturing and storing the materials listed therein. Unfettered access to Exhibit 2 would provide these suppliers with insight into competitively sensitive information about Gilimex's operations that could be exploited to Gilimex's detriment during those litigations. Further, disclosure of Gilimex's inventory value with *other* suppliers for the *same* materials provides information about Gilimex's pricing strategies for several materials which it still uses in its manufacturing processes and current business operations, putting it at a relative disadvantage with suppliers and competitors alike. Indeed, courts have recognized similar documents subject to seal as constituting "information that must be sealed to preserve higher values." *Cantinieri v. Versick Analytics, Inc.*, 2024 WL 759317, at *3–4 (E.D.N.Y. Feb. 23, 2024) (granting motion to seal documents containing "sensitive business information," including documents concerning "business strategies," "customer negotiations," and "other third-parties' personal information"); *Rowe*, 2022 WL 4467628, at *2 (permitting redaction of "identities of certain clients" where "disclosure . . . could put [Defendant] at competitive disadvantage); *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (sealing "client list" that did "not directly affect the litigation" which "contain[ed] sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff" and did not "directly affect the litigation" as it was used "only to clarify the contours of Defendants' obligations under their contracts with Plaintiff") (citation modified).

Moreover, the public disclosure of Gilimex's inventory value held by various third parties, as well as those third parties' names and locations, "has the potential to exacerbate . . . harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record." *Cantinieri*, 2024 WL 759317, at *2. Specifically, the disclosure of these competitively sensitive documents will further incentivize litigation by the third parties at issue, who will seek reprisal in Vietnam for both their delayed receipt of payments and for the public disclosure of their identities and operating locations. *See id.* at *3 (court must consider "[t]he nature and degree of injury" from potential disclosure, including "how the person seeking access intends to use the information").

Conversely, the presumption of public access accorded to the at-issue portions of Exhibit 2 is low. "Materials submitted in connection with, and relevant to, discovery motions, motions in limine, and other non-dispositive motions are subject to a lesser . . . presumption of public access."

*Loomis Sayles Tr. Co., LLC v. Citigroup Glob. Mkts. Inc.*, 2026 WL 1679438, at *1 (S.D.N.Y. June 10, 2026) (citation omitted). Further, "[w]hile *Daubert* motions and motions in limine, as a practical matter, may be important to the resolution of the case, they are not dispositive and do not determine litigants substantive rights -- conduct at the heart of Article III." *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (citation modified). Here, the at-issue information was filed in support of Amazon's raw materials motion in limine, which has since been mooted by the Court's July 9, 2026 Order (Dkt. 271). Further, as confirmed by that Order, the at-issue information is now relevant only insofar as it has "come within [the Court's] purview solely to insure [its] irrelevance." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

Courts favor redaction—as sought by Gilimex—over wholesale sealing as a means to balance the public's right of access with privacy or confidentiality concerns. *See*, *e.g.*, *Olson v. Major League Baseball* 29 F.4th 59, 93 (2d Cir. 2022) ("[C]onducting this balancing and exercising its discretion, a district court should consider its ability to use redactions that do not unduly interfere with the public's right to access judicial documents in order to address privacy concerns."); *Fossil Grp., Inc. v. Angel Seller LLC*, 2024 WL 2076714, at *6 (E.D.N.Y. May 9, 2024) (permitting limited redaction of "vendor name[s] and dollar amount[s], which may be filed under seal"). Gilimex has therefore proposed narrow redactions to Exhibit 2 which seek to seal only portions of Exhibit 2 which will put Gilimex at a competitive disadvantage and pose unnecessary litigation risk if disclosed.

The harm that could result from public disclosure of the redacted portions of Exhibit 2 outweighs any presumption of public access. Accordingly, Gilimex respectfully requests that the Court maintain the limited and narrowly tailored portions of Exhibit 2 under seal.

Respectfully,

Marc E. Kasowitz

**Appendix**

Pursuant to Your Honor's Individual Rule I.D.3, included below is a list of all parties and attorneys of record who should have access to the sealed documents:

KASOWITZ LLP

Marc E. Kasowitz
Edward E. Filusch
Daniel J. Koevary
Sondra D. Grigsby
Michael C. Pecorini
1633 Broadway
New York, NY 10019
Tel.: (212) 506-1700
mkasowitz@kasowitz.com
efilusch@kasowitz.com
dkoevary@kasowitz.com
sgrigsby@kasowitz.com
mpecorini@kasowitz.com

ThucMinh Nguyen (admitted *pro hac vice*)
101 California Street,
Suite 3950
San Francisco, CA 94111
Tel.: (650) 453-5420
tnguyen@kasowitz.com

BAUGHMAN KROUP BOSSE PLLC

Andrew Bosse
One Liberty Plaza
Floor 46
New York, NY 10006
abosse@BKBfirm.com

GIBSON DUNN & CRUTCHER LLP

Barry H. Berke
Jordan Estes
Grace E. Hart
Daniel M. Ketani
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-4000
bberke@gibsondunn.com
jestes@gibsondunn.com
ghart@gibsondunn.com
dketani@gibsondunn.com

Andrew LeGrand (admitted *pro hac vice*)
2001 Ross Avenue
Suite 2100
Dallas, TX 75201
Tel.: (214) 698-3100
alegrand@gibsondunn.com

ASHURST PERKINS COIE US LLP

Alan B. Howard
Adam R. Mandelsberg
Margaret Winterkorn Meyers
1155 Avenue of Americas, 22nd Floor
New York, NY 10036
alan.howard@ashurstperkins.com
adam.mandelsberg@ashurstperkins.com
margaret.meyers@ashurstperkins.com