GIBSON DUNN

Jordan Estes
Partner
T: +1 212.351.3906
jestes@gibsondunn.com

July 14, 2026

VIA ECF

Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Binh Thanh Import Export Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*, Case No. 1:23-cv-00292 (S.D.N.Y.)

Dear Judge Schofield:

We represent Defendant Amazon.com Services LLC ("Amazon") in the above-referenced action. We write pursuant to this Court's June 30, 2026 Order, Dkt. 270, and Your Honor's Individual Rule for Civil Cases I.D.3, to provide Amazon's position regarding whether and which of the documents addressed in Dkt. Nos. 119, 148, and 162 should remain under seal.

Amazon respectfully submits that a draft, unexecuted 2022 settlement agreement (the "Draft Settlement Agreement"), filed excerpted as Exhibit 3 to the Declaration of Grace E. Hart in Support of Amazon's Motion *in Limine* to Exclude Evidence of Settlement Communications (Dkt. 130-1), and in full as Exhibit 2 to the Declaration of Edward E. Filusch in Support of Plaintiff's Opposition to Amazon's Motion *in Limine* to Exclude Evidence of Settlement Communications (Dkt. 150-2), should remain under seal.[1] Amazon originally requested that the Court seal the Draft Settlement Agreement on May 2 and May 23, 2025. *See* Dkts. 119, 160.

Amazon does not seek to maintain sealing of any other documents addressed in Dkt. Nos. 119, 148, and 162. The remaining documents that Amazon filed under seal were (or reference documents that were) marked Confidential by Plaintiff pursuant to the February 21, 2023 Stipulation and Confidentiality Order, Dkt. 25, and Amazon filed them under seal solely "out of an abundance of caution and to give Gilimex an opportunity to designate which portions of those documents Gilimex wishes to keep under seal, if any." Dkt. 162.

Amazon respectfully submits that sealing the Draft Settlement Agreement is warranted given the limited presumption of public access to settlement materials, the need to protect Amazon's

[1] References to the Settlement Agreement were also redacted in Amazon's publicly filed Memorandum of Law in Support of its Motion *in Limine* to Exclude Evidence of Settlement Communications. *See* Dkt. 119 at 1, Dkt. 127 at 2–3.

GIBSON DUNN



confidential business information, and that the request is "narrowly tailored to that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted).

To start, "the presumption of access is weak when settlement confidentiality is concerned." *Schoeps v. Museum of Mod. Art*, 603 F. Supp. 2d 673, 676 n.2 (S.D.N.Y. 2009) (citing, *inter alia*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir. 2004)); *see also S.E.C. v. Tel. Grp. Inc.*, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) ("protecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials."). "The Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement." *In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016); *see United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856–58 (2d Cir. 1998) (observing that "fostering settlement is an important Article III function of the federal district courts," and "[f]ew cases would ever be settled if the . . . public were . . . privy to settlement proposals"). Indeed, "the presumption of access to . . . draft [settlement] agreements . . . is negligible to nonexistent," as they "play a negligible role ... in the trial judge's exercise of Article III judicial power." *Liu v. Nielsen Co. (US) LLC*, 2023 WL 3750116, at *2 (S.D.N.Y. June 1, 2023) (citing *Glens Falls Newspapers, Inc.*, 160 F.3d at 857–58). Public disclosure of the Draft Settlement Agreement, which was never agreed to by the parties, would discourage the exchange of such draft documents as part of settlement negotiations without advancing the administration of justice.

Additionally, the Draft Settlement Agreement reflects Amazon's confidential business information. "Courts in the Second Circuit routinely . . . protect[] from disclosure proprietary, sensitive, and confidential business information." *Markowitz v. KBI Servs.*, 2021 WL 4555833, at *2 (S.D.N.Y. Oct. 5, 2021) (Schofield, J.) (collecting cases); *accord IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024). The Draft Settlement Agreement should remain under seal to protect Amazon's interest in maintaining the confidentiality of a draft contract that was always intended to be confidential, the disclosure of which would put it at a competitive disadvantage in its attempts to resolve any future disputes. *Cf. Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4–5 (S.D.N.Y. Apr. 12, 2016) (recognizing that avoiding "competitive injury" is a "higher value[]" and granting motion to seal). Amazon's sealing request is narrowly tailored to serve that interest—the only document it is seeking to seal is the Draft Settlement Agreement itself.

For these reasons, Amazon respectfully requests that the Court seal Dkts. 130-1 and 150-2.

Respectfully submitted,

*/s/ Jordan Estes*
Barry H. Berke
Jordan Estes

cc: All counsel of record (by ECF)

GIBSON DUNN



## Appendix

Pursuant to Your Honor's Individual Rule I.D.3, included below is a list of all parties and attorneys of record who should have access to the sealed documents:

Marc E. Kasowitz
Edward E. Filusch
Daniel J. Koevary
Sondra D. Grigsby
Michael C. Pecorini
KASOWITZ LLP
1633 Broadway
New York, New York 10019
mkasowitz@kasowitz.com
efilusch@kasowitz.com
dkoevary@kasowitz.com
sgrigsby@kasowitz.com
mpecorini@kasowitz.com

ThucMinh Nguyen (admitted *pro hac vice*)
KASOWITZ LLP
101 California Street,
Suite 3950
San Francisco, CA 94111
tnguyen@kasowitz.com

*Attorneys for Plaintiff*

Barry H. Berke
Jordan Estes
Grace E. Hart
Daniel M. Ketani
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
bberke@gibsondunn.com
jestes@gibsondunn.com
ghart@gibsondunn.com
dketani@gibsondunn.com

Andrew LeGrand (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Ste 2100
Dallas, TX 75201
alegrand@gibsondunn.com

Alan B. Howard
Adam R. Mandelsberg
Margaret Winterkorn Meyers
ASHURST PERKINS COIE US LLP
1155 Avenue of Americas, 22nd Floor
New York, NY 10036
alan.howard@ashurstperkins.com
adam.mandelsberg@ashurstperkins.com
margaret.meyers@ashurstperkins.com

*Attorneys for Defendant*

Application **GRANTED**. A three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). As to the first and second steps, the exhibits submitted in connection with motions in limine are judicial documents subject to a presumption of public access, but that presumption is entitled to lesser weight because the motions were non-dispositive and ultimately mooted by the dismissal of this action. *See Loomis Sayles Tr. Co., LLC v. Citigroup Glob. Mkts. Inc.*, No. 22 Civ. 6706, 2026 WL 1679438, at *1 (S.D.N.Y. June 10, 2026). As to the third step, the Court finds that Defendant's interest in protecting confidential settlement-related information overcomes the presumption of access to such documents. The sealing is narrowly tailored because Defendant seeks to seal only the draft settlement agreement itself. Accordingly, Dkts. 130-1 and 150-2 shall remain under seal. By **August 19, 2026**, the parties shall publicly file the documents addressed in Dkts. 119, 148 and 162, including all exhibits, in accordance with this Order.

The Clerk of Court is respectfully directed to terminate Dkt. No. 273.

Dated: August 12, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE